IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TAMAR SHIRINIAN, | ) | |
| | ) | |
|     *Plaintiff*, | ) | Civil Action No. 3:25-cv-528 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Judge Crytzer |
| | ) | Magistrate Judge McCook |
| DONDE PLOWMAN, et al., | ) | |
| | ) | JURY DEMAND |
| | ) | |
|     *Defendants.* | ) | |

## MOTION FOR RECONSIDERATION

Plaintiff Tamar Shirinian, by and through counsel, respectfully moves the Court under Rule 54(b) of the Federal Rules of Civil Procedure to reconsider a discrete legal conclusion in its Memorandum Opinion and Order denying Plaintiff's Motion for a Temporary Restraining Order: namely, the Court's determination that Plaintiff's speech does not constitute core political speech and therefore warrants diminished First Amendment protection under the *Pickering* framework.

Reconsideration is warranted for two reasons. First, the Court's classification of the speech is inconsistent with binding Supreme Court precedent. Second, new evidence has come to light that solidifies that the viewpoints regarding Charlie Kirk, *a conservative political activist*, are undoubtedly political: As of December 12, 2025, the *State of Tennessee* has now affirmatively sponsored and aligned with Mr. Kirk's viewpoints by partnering with his organization, Turning Point USA, to launch chapters in every Tennessee high school and college.[1]

---

[1] https://www.wsmv.com/2025/12/15/turning-point-usa-announces-partnership-launch-chapters-tennessee-high-schools/; https://www.nashvillescene.com/news/pithinthewind/turning-point-usa-tennessee-partnership/article_408c6b9b-040a-4822-a59f-59b56eae3997.html; https://johnsoncitypress.com/news/321528/tennessee-partners-with-turning-point-usa-to-establish-chapters-across-state/

1

I. Standard for Reconsideration

A district court may revise any interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration is appropriate where the court has committed a clear error of law or where reconsideration is necessary to prevent manifest injustice.

II. The Court's Order Turned on a Threshold Legal Classification of the Speech

In denying temporary injunctive relief, the Court concluded that Plaintiff failed to demonstrate a likelihood of success under *Pickering* balancing. Central to that conclusion was the Court's determination that Plaintiff's Facebook comment—while touching on a "matter of public concern" (Doc. 26, at p.7)—did not constitute core political speech and therefore merited reduced constitutional weight. That conclusion materially affected the balance. Under *Pickering*, "the degree of protection the speech warrants" is the first consideration, and speech occupying the "highest rung" of First Amendment protection requires a correspondingly strong showing of actual disruption to justify discipline. *Connick v. Myers*, 461 U.S. 138, 145 (1983). Because the Court discounted the nature of the speech, it effectively tilted the *Pickering* scale before weighing the government's asserted efficiency interests.

III. The Classification of the Speech is Inconsistent with Binding Supreme Court Precedent

A. Speech About the Viewpoints of Mr. Kirk is Protected Speech

Plaintiff's comment responded to a post about Charlie Kirk, a nationally prominent conservative political activist deeply intertwined with politics and public policy debates. The initial Facebook post both referenced Mr. Kirk's assassination and noted that his messages were "full of hate, genocide apologia and bigotry…" Citing Defendant's Response, the Court found that the "general content" of Plaintiff's speech was not political because "Plaintiff's comment did

2

Case 3:25-cv-00528-KAC-JEM    Document 27    Filed 12/18/25    Page 2 of 5    PageID #: 235

not specifically engage with Charlie Kirk's politics or his political message." See Doc. 26, at p. 7.

The Supreme Court has repeatedly emphasized that "**speech on public issues** occupies the highest rung of the hierarchy of First Amendment values." See *Connick v. Myers*, 461 U.S. 138, 145 (1983); *Synder v. Phelps*, 562 U.S. 443 (2011). Additionally, "[s]peech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." See *Lane v. Franks*, 573 U.S. 228, 241 (2014). There is no doubt that Plaintiff's comment, like the very "Run 'Em Down" made by a UT Professor who was *not* punished based on First Amendment grounds, was one that addressed public issues.

Moreover, even if this Court disagrees and finds that the content of the speech must be "political", as was noted, *the State of Tennessee has now affirmatively sponsored and aligned with Mr. Kirk's viewpoints by partnering with his organization,* Turning Point USA, to launch chapters in every Tennessee high school and college. While this State-Sponsored viewpoint favoritism will become more significant after Defendants' answer Plaintiff's Amended Complaint (the deadline to which Plaintiff has extended) and Plaintiff deposes trustees who she reasonably believes ratify continued unconstitutional conduct, the State can hardly argue that the viewpoints of Mr. Kirk, a conservative political activist, and his organization, Turning Point USA, are not political.

B. *Rankin v. McPherson* Controls and Compels Reclassification

In *Rankin v. McPherson*, 483 U.S. 373, 381 (1987), a public employee remarked upon hearing of an attempt to assassinate President Reagan: "If they go for him again, I hope they get him." The Supreme Court held, as a matter of law, that the remark constituted speech on a matter

3

of public concern and was entitled to substantial First Amendment protection. Id. at 386–87. The Court's order does not meaningfully distinguish *Rankin*. Absent such a distinction, *Rankin* compels the conclusion that Plaintiff's speech—reacting to the killing of a political figure and expressing moral condemnation of his ideology and legacy—constitutes protected expression at the core of the First Amendment.

    C.  Reconsideration is Necessary to Prevent Manifest Injustice

The Court's order is incompatible with Supreme Court precedent and risks chilling core political expression by public-university faculty statewide. Plaintiff did not simply react to a "high-profile public event" (See Doc. 26, at p. 7), but to the messages and viewpoints that Mr. Kirk openly discussed around America as a conservative political activist and the founder of Turning Point USA---messages that have now been explicitly adopted by the State of Tennessee itself. Reconsideration is therefore necessary to prevent manifest injustice and to ensure that subsequent proceedings rest on a sound First Amendment foundation. Plaintiff respectfully requests that the Court to reconsider its conclusion that Plaintiff's speech does not constitute core political speech and clarify that Plaintiff's speech occupies the highest tier of First Amendment protection.

Respectfully Submitted,

/s/ Robert C. Bigelow, Esq.
Robert C. Bigelow, Esq. #022022
Bigelow Legal, PLLC
4235 Hillsboro Pike, Suite 301
Nashville, TN 37215
(615) 829-8986

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 18, 2025, a copy of the foregoing will be sent via the Court's CM/ECF system to all counsel listed below:

Michael D. Fitzgerald, Esq.
T. Mitchell Panter, Esq.
The University of Tennessee
400 W. Summit Dr. – UT Tower #1117
Knoxville, TN 37902
(865) 974-0525
Attorneys for Defendants

                                                    /s/ Robert C. Bigelow, Esq.