UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TAMAR SHIRINIAN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 3:25-CV-528-KAC-JEM |
| DONDE PLOWMAN, et al.; | ) | |
| Defendants. | ) | |

# SCHEDULING ORDER

1. **Introduction:** The Parties filed a Federal Rule of Civil Procedure 26(f) report on December 19, 2026 [Doc. 28]. Below are the key scheduling dates in this case with further discussion in this Order. *Except as otherwise set forth in this Order, the schedule will not change except for good cause shown in strict compliance with Rule 6(b).*

| Key Scheduling Dates | |
| --- | --- |
| Trial Begins | **1/19/2027** |
| Estimated Length of Trial | **5 days** |
| Final Pretrial Conference | **1/5/2027** |
| Dispositive Motions Deadline and *Daubert* Motion Deadline | **9/21/2026** |
| Discovery Deadline | **8/7/2026** |
| Expert Disclosure Deadline | **Plaintiff(s): 5/26/2026**<br>**Defendant(s): 6/23/2026**<br>**Rebuttal: 7/7/2026** |

2. **Jurisdiction:** In this case, Plaintiff invokes the subject matter jurisdiction of the Court pursuant to 28 U.S.C. § 1331.

3. **Settlement/Alternative Dispute Resolution:** The Parties indicate that "settlement negotiations have been ongoing and will continue" [Doc. 28 at 3]. The Court encourages the Parties to engage in these efforts in good faith. The Court advises the Parties of the Federal Mediation Program (*see* Local Rule 16.4). The Parties shall consider utilizing the program.

   a. **Mediation in Employment Discrimination Cases:** In each case involving alleged employment discrimination, by **8/27/2026** the Parties shall **jointly** file a report

indicating their respective positions regarding whether the dispute is suitable for mediation using the Federal Mediation Program under Local Rule 16.4.

    b. **Utilization of Federal Mediation Program:** If Parties elect to utilize the Federal Mediation Program, please notify the Mediation Coordinator; Howard H. Baker, Jr. United States Courthouse; 800 Market Street, Suite 130; Knoxville, Tennessee 37902.

4. **Disclosure and Discovery; Including Experts:**

    a. **Rule 26(f) Meeting and Discovery Plan:** The Parties submitted their discovery plan. The Parties shall follow their discovery plan to the extent not inconsistent with this Order and may seek assistance from the Court in the event of a dispute.

    b. **Electronic Discovery:** The Parties "request that the Court enter an order pursuant to Federal Rule of Evidence 502(d)" [Doc. 28 at 2]. **To that end, the Parties shall jointly file a proposed order for the Court's consideration.** The Parties shall also follow their discovery plan regarding the manner and method of exchanging electronic discovery and seek the Court's assistance in the event a dispute arises.

    c. **Initial Disclosures:** The Parties agreed to complete initial disclosures under Rule 26(a)(1) by **1/9/2026**.

    d. **Protective Orders:** In the event a need for a protective order arises, Parties shall endeavor to reach an agreement as to a protective order. In the absence of agreement, either Party may file a motion for a protective order.

    e. **Expert Testimony:** The plaintiff(s) shall disclose any expert testimony in accordance with Rule 26(a)(2)(B) and (C) by **5/26/2026**. Defendant(s) shall disclose any expert testimony in accordance with Rule 26(a)(2)(B) and (C) by **6/23/2026**. Parties shall disclose rebuttal expert testimony no later than **7/7/2026**. Parties shall supplement these disclosures when required under Rule 26(e).

    f. **All Discovery:** The Parties must complete all discovery, including expert depositions, by **8/7/2026**. Parties must serve all written discovery requests sufficiently in advance of the discovery deadline so that responses will be due prior to the deadline.

    g. **Motion to Compel:** Before filing a motion to compel, relevant Parties must meet and confer in an attempt to resolve the dispute. If the relevant Parties are unable to resolve the dispute informally, the relevant Parties shall contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute. If, and only if, the relevant Parties' dispute is unresolved following the conference with the Magistrate Judge, Parties may file an appropriate written motion with the Court. Parties must include a certification of compliance with this subsection and, if applicable, the written certification required by Rule 37(a)(1).

5. **Other Scheduling Matters and Motion Practice**

   a. **Amendment of Pleadings/Joinder:** The Parties shall file any motion to amend the pleadings or add parties on or before **6/30/2026**.

   b. **Dispositive Motions:** The Parties shall file all dispositive motions under Federal Rule of Civil Procedure 12 or 56 on or before **9/21/2026**. The Court may summarily deny any untimely motion. Per Local Rule 7.1(a), a responding Party has **twenty-one (21)** days to respond, after which time the Court may adjudicate the motion based on the record as it then appears.

   c. **Expert Witness and *Daubert* Motions:** The Parties shall file any objections to a proposed expert witness's qualifications or that witness's competency to offer an expert opinion, or any objection to a proposed expert's testimony under Federal Rules of Evidence 701 through 706 and *Daubert* by **9/21/2026**. Any Response shall be filed on or before **10/21/2026**. Pursuant to Local Rule 7.1(c), unless the Court states otherwise, reply briefs are not necessary and are not required.

   **The Parties must file any applicable objection by this date or an extension thereof. Otherwise, the Courts deems the objection waived. If a Party desires to take the deposition of a proposed expert prior to filing an objection under this subsection, it must do so and file the objection by this deadline.**

   d. **Motions in Limine:** The Parties must file any motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) by **11/20/2026**. Responses must be filed on or before **12/21/2026**. The Court may hear motions in limine at the final pretrial conference.

   If the Court grants a motion in limine excluding a portion of a proposed exhibit, counsel must edit the proposed exhibit to conform to the Court's order. Otherwise, the Court will not admit the proposed exhibit.

   **The Court will not entertain a motion to exclude proposed expert testimony styled as a motion in limine. Parties must file any motions to exclude proposed expert testimony in full or in part pursuant to Federal Rules of Evidence 701 through 706 by the *Daubert* motion deadline.**

   e. **Other Nondispositive Motions:** The Parties must file all nondispositive motions other than motions in limine on or before **11/20/2026**. Consistent with Local Rule 7.1(a), responses must be filed on or before **12/4/2026**.

   f. **Final Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures:** On or before **thirty (30) days** before the final pretrial conference, Parties shall make the following pretrial disclosures:

   Provide to all Parties a final witness list in accordance with Rule 26(a)(3). Parties may supplement the list sua sponte within **five (5) days** after service. After that time, Parties

3

Case 3:25-cv-00528-KAC-JEM    Document 31    Filed 12/23/25    Page 3 of 7    PageID #: 268

may only supplement the list with leave of Court and for good cause shown.

Exchange exhibit lists and designations of depositions, or portions thereof, to be placed in evidence and produce the proposed exhibits for inspection by the opposing Parties.

Parties may file objections after the exhibit list exchange for the *limited* purpose of raising objections to authenticity and/or admissibility. The Parties must file any objections at least **twenty-one (21) days** before the final pretrial conference. Unless a Party makes a written objection to the authenticity and/or admissibility of an exhibit, the Court will deem an objection to the authenticity and/or admissibility waived unless the relevant Party demonstrates good cause.

The Parties must file any objections to deposition designations at least **twenty-one (21) days** before the final pretrial conference. If a Party does not make a timely written objection, the Court will deem a later objection waived unless the relevant Party demonstrates good cause.

Furnish opposing Parties a list of damages, if damages are claimed.

**Failure to fully comply with this section will likely result in the Court excluding these items from use at trial in the relevant Party's case-in-chief.**

g. **Depositions for Evidence**: The Parties must complete depositions for evidence (proof) at least **thirty (30) days** before the final pretrial conference.

6. **Final Pretrial Conference and Pretrial Orders**

   a. **Final Pretrial Conference:** The Court will hold a final pretrial conference on **1/5/2027** at **10:00 a.m.** at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3C.

   b. **Final Pretrial Order:** The Parties shall file a proposed final pretrial order at least **seven (7) days** before the final pretrial conference. The order shall contain the following recitals:

   (1) Jurisdiction.

   (2) Admissions and Stipulations. The Parties shall set out in numbered paragraphs each fact that is not in dispute. The Court, in an effort to reduce the need for evidence and length of trial, expects the Parties to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, the Court will read this section to the jury and instruct the jury to accept these stipulated facts as true.

   (3) General Nature of the Claims of the Parties:

   a) Summary of each plaintiff's theory. For each defendant, each plaintiff shall

concisely state each legal theory relied upon and the factual allegations the plaintiff expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A plaintiff is expected to know the claims and must be able to state precisely and succinctly the issues to be tried. Each claim must be set out in a separately numbered and labeled paragraph.

b) Summary of each defendant's theory. For each claim against a defendant, each defendant shall concisely state each legal theory relied upon and the factual allegations the defendant expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A defendant is expected to know the defenses and must be able to state precisely and succinctly the issues to be tried. Each defense must be set out in a separately numbered and labeled paragraph.

(4) Contested Issues of Law.

(5) Novel or Unusual Questions of Law or Evidence.

(6) Damages. If Parties cannot stipulate to damages, each Party must show the method by which damages should be calculated if awarded.

(7) Other Trial Information and Other Matters.

a) That the pleadings are amended to conform to the pretrial order.

b) The estimated length of trial (in eight (8) hour days).

c) The possibility of settlement.

d) Any miscellaneous matters that may contribute to the just, speedy, and inexpensive disposition of the case.

**Forty-five (45) days** before the final pretrial conference, each Plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items, except for the theory of Defendant. Within **five (5) business days** after receipt thereof, opposing counsel shall furnish each Plaintiff's counsel with each Defendant's theory and advise of any disagreement as to the proposed pretrial order content. The Parties shall make good faith efforts to reconcile all differences without the Court's intercession. If the Parties cannot agree on a pretrial order, each Plaintiff's counsel shall notify the undersigned's Chambers at least **twenty-one (21) days** before the final pretrial conference that the Parties have been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference. Proposed amendments to a pretrial order entered ex parte by the Magistrate Judge may be sought by motion filed **ten (10) days** following entry of the order.

5

**The Court may deem a failure to (1) file an agreed pretrial order or (2) notify the undersigned's Chambers that the Parties cannot agree to a pretrial order a failure to prosecute the action or comply with a Court order. And the Court may dismiss the action.** *See* **Fed. R. Civ. P. 41(b).**

    c. **Filings Required after Final Pretrial Conference:** At least **seven (7) days** before trial, counsel must:

        (1) File a final witness list identifying only the witnesses who will be used at trial. This list may not identify any witness not appearing on the witness list referenced above;

        (2) File a list of damages. The Court prefers a stipulated list of damages. However, if Parties cannot reach an agreement, each Party must file a list showing the amount of damages and method of determining damages;

        (3) File deposition designations, which will be read at trial;

        (4) File as an exhibit the resumes of any expert witness;

        (5) **Jointly** submit pre-marked exhibits. Plaintiff shall number its exhibits numerically; *e.g.*, Ex. 1, 2, 3, etc. Defendant shall list its exhibits alphabetically, *e.g.*, Ex. A, B, C, etc. In a case with more than one plaintiff or defendant, identify the appropriate Party on each exhibit. For example, in a case with three corporate defendants: Corporation 1 Ex. A, Corporation 2 Ex. A, Corporation 3 Ex. A;

        (6) File briefs of all contested issues of law; and

        (7) For non-jury issues, file proposed findings of fact and conclusions of law with supporting citations.

    d. **Jury Instructions & Verdict Form:** At least **ten (10) days** before a jury trial, the Parties shall file (1) requests for jury instructions, citing with each request at least one supporting authority, and (2) a proposed verdict form. The Parties shall also submit the proposed instructions and verdict form as a Word document via e-mail to the undersigned's chambers.

7. **Trial:** The trial will be in Knoxville, Tennessee at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3C, before the undersigned and a jury beginning on **1/19/2027 at 9:00 a.m.**[1] The expected length of trial is **five (5) days**.

    Should the scheduled trial date change for any reason, the other dates contained in this

---

[1] The demands of the Court's docket dictate that all civil cases be scheduled for trial in Knoxville, Tennessee, where the undersigned sits, regardless of the division in which the case was originally filed. However, the Court will entertain a motion to conduct the trial in another division of this Court upon a showing of good cause by the Parties. A Party must file any such motion after the dispositive motions deadline but no later than **thirty (30) days** before the final pretrial conference. The grant or denial of any such motion rest in the Court's sole discretion.

6

Case 3:25-cv-00528-KAC-JEM     Document 31     Filed 12/23/25     Page 6 of 7     PageID #: 271

order that are not expressly tied to the trial date shall remain as scheduled.

8. **Courtroom Technology Equipment:** The evidence presentation system facilitates and expedites hearings and trials. The Court encourages counsel to become familiar with this technology and make full use of it. Counsel who intend to use the equipment should notify the courtroom deputy, Mr. Jason Huffaker, at least **two (2) days** prior to a hearing or trial so the equipment is ready for use. The courtroom deputy will be available following the final pretrial conference to assist counsel with the use of the equipment. Counsel may also contact the courtroom deputy to schedule an alternate time to familiarize themselves with the equipment.

    The U.S. District Court for the Eastern District of Tennessee uses the Jury Evidence Recording system (JERS) to capture evidence electronically during a trial. The Court will release admitted evidence to the jury during deliberations, unless the Court specifically directs otherwise, and the jury may play the evidence back in the deliberation room. To best facilitate the presentation of evidence at trial and use of the JERS, the Court STRONGLY ENCOURAGES Parties to provide their exhibits to the courtroom deputy no later than **seven (7) days** before trial. The exhibits provided must be the exhibits the Parties previously marked and numbered. The exhibits SHALL BE SUMBITTED IN ELECTRONIC FORMAT. The Court prefers that the Parties provide all electronic evidence files on USB drives, DVDs, or CDs.

    Information on JERS, specific requirements, and equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the courtroom deputy.

9. **Conclusion:** Any failure to comply with the provisions of this order may result in the exclusion of witnesses, exhibits, depositions, or damages, as relevant.

    SO ORDERED.

    _____
    KATHERINE A. CRYTZER
    United States District Judge

7

Case 3:25-cv-00528-KAC-JEM   Document 31   Filed 12/23/25   Page 7 of 7   PageID #: 272