UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TENNESSEE
                            AT KNOXVILLE

| | |
|---|---|
| TAMAR SHIRINIAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cv-528-KAC-JEM |
| | ) JURY DEMANDED |
| THE UNIVERSITY OF TENNESSEE | ) |
| KNOXVILLE, DONDE PLOWMAN, | ) |
| RANDY BOYD, and CHARLES NOBLE, | ) |
| in their personal and official capacities, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants Donde Plowman, Randy Boyd, and Charles Noble, individually and in their official capacities (collectively, the "Defendants"), through the Office of the General Counsel for the University of Tennessee and pursuant to Fed. R. Civ. P. 54(b), hereby submit this Response in Opposition to Plaintiff's Motion for Reconsideration (Doc. 27) (the "Motion").

Plaintiff's Motion urges the Court to reconsider its Memorandum Opinion and Order (Doc. 26) denying Plaintiff's Motion for Temporary Restraining Order and Expedited Hearing (Docs. 11 & 12). "Motions to reconsider are used sparingly and in rare circumstances." *Bey v. Johnson City*, No. 2:15-cv-174, 2016 WL 11804542, at *1 (E.D. Tenn. Apr. 11, 2016); *see also Parks v. Nordson Medical of NH, Inc.*, No 1:25-cv-138, 2025 WL 3172844, at *2 (E.D. Tenn. Nov. 13, 2025) ("In the Sixth Circuit, motions for reconsideration are strongly disfavored and are appropriate only in rare, very limited, circumstances, as a high standard for granting such a motion applies." (citations omitted). Indeed, motions to reconsider should be granted only when necessary to address "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need

to correct a clear error or prevent manifest injustice." *Bey*, 2016 WL 11804542, at *1 (quoting *Rodriguez v. Tenn. Labors Health and Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004)). Reconsideration is generally inappropriate "in the vast majority of instances"—especially when, as here, the motion "merely restyle[s] or rehash[es] the initial issues." *Id.* (citations omitted).

Here, Plaintiff urges the Court to reconsider its denial of a TRO on two grounds. First, she argues that "new evidence has come to light" showing that the State of Tennessee has recently "affirmatively sponsored and aligned with Mr. Kirk's viewpoints" through a program allegedly designed to assist Mr. Kirk's organization, Turning Point USA, with "launch[ing] chapters in every Tennessee high school and college." [Doc. 27, p. 1.] Second, she asserts that the Court "discounted the nature of her speech." [Doc. 27, p. 2.] Contrary to Plaintiff's assertions, however, neither of these bases justify reconsideration, and the Court's well-reasoned Memorandum Opinion should stand undisturbed.

On the first issue, even if Plaintiff's assertions about the State's "sponsor[ship]" of Turning Point USA chapters in high schools and colleges across the State is true, which these Defendants lack sufficient knowledge to confirm or deny, Turning Point USA founded a chapter on UTK's campus several years prior to the events at issue in this litigation, and it is but one of 555 registered student organizations on UTK's campus with viewpoints across the political spectrum.[1]

Concerning Plaintiff's second argument, the Court clearly afforded Plaintiff's speech the Constitutional weight to which it is entitled under controlling law. Indeed, the Court outlined the applicable standards for evaluating a public employee's speech and concluded that although Plaintiff's comment involved a matter of public concern, it nevertheless fell short of being political

---

[1] *See* https://studentlife.utk.edu/student-engagement/ (identifying 555 "active registered student organizations" for the 2024-2025 academic year) (last access Dec. 31, 2025).

2

speech that is afforded the "greatest protections" because Plaintiff's comment "did not specifically engage[] with Charlie Kirk's politics or his political message." [Doc. 26, p. 7.] This conclusion, while perhaps unpalatable to Plaintiff, is supported by a string of binding Sixth Circuit cases, including (among others) *Bennett v. Metro. Gov't of Nashville*, 977 F.3d 530 (6th Cir. 2020) and *Marquardt v. Carlton*, No. 21-3832, 2023 WL 395027 (6th Cir. Jan. 25, 2023). Because the Court's Memorandum Opinion appropriately considered and applied these precedents when reaching its conclusion, Plaintiff's argument is nothing more than a "rehash[ing of] the initial issues," *Bey*, 2016 WL 11804542, at *1, and her Motion should, therefore, be denied.

Respectfully submitted this 2nd day of January, 2026.

**THE UNIVERSITY OF TENNESSEE**

*s/ Michael D. Fitzgerald*
Michael D. Fitzgerald (BPR # 20079)
T. Mitchell Panter (BPR #031744)
505 Summer Place, UTT#1155
Knoxville, TN 37902
(865) 974-9321
mike.fitzgerald@tennessee.edu
mitchell.panter@tennessee.edu

*Attorneys for Defendants*