# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| TAMAR SHIRINIAN | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 3:25-cv-528-KAC-JEM |
| | ) | |
| v. | ) | |
| | ) | Judge Crytzer |
| DONDE PLOWMAN, et al. | ) | Magistrate Judge McCook |
| in their personal and official capacities | ) | |
| | ) | JURY DEMAND |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### INTRODUCTION

Plaintiff Tamar Shirinian respectfully moves, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file the attached Proposed Second Amended Complaint. Rule 15 directs that leave to amend "shall be freely given when justice so requires." Justice plainly requires amendment here. This motion is timely, non-prejudicial, grounded in newly developed evidence, and necessary to conform the pleadings to the record now before the Court.

### I. PROCEDURAL POSTURE AND BASIS FOR AMENDMENT

This case arises from Defendants' retaliation and viewpoint discrimination against Plaintiff for off-duty, private speech on a matter of public concern. Since the filing of the First Amended Complaint, Plaintiff has obtained substantial sworn testimony and documentary evidence establishing:

- Board-level knowledge and involvement of the adverse action;
- Individual trustee and senior administration involvement in real-time response and messaging;

- Conscious avoidance of written records;
- Awareness of First Amendment risk;
- Knowing ratification of the challenged conduct; and
- Admitted failure to follow written due process policies and procedures.

This evidence was not available at the time of the original pleading and goes well beyond the "limited record" the Court expressly noted when denying temporary injunctive relief. The proposed Second Amended Complaint does not introduce speculative theories. It conforms the pleadings to evidence Defendants themselves created, including deposition testimony and contemporaneous internal communications.

## II. LEGAL STANDARD

Rule 15(a)(2) provides that leave to amend should be freely granted absent:

1. Undue delay,
2. Bad faith or dilatory motive,
3. Repeated failure to cure deficiencies,
4. Undue prejudice, or
5. Futility.

None of the Rule 15 factors supports denial here.

## III. GOOD CAUSE EXISTS AND THERE IS NO UNDUE DELAY

Plaintiff moved promptly after obtaining discovery that fundamentally altered the factual landscape of the case. Much of this discovery was a result of sworn testimony received in the last two weeks. Critically:

- Discovery is in its relatively early stages and ongoing;
- No dispositive motions have been decided; and
- The amendment follows, rather than precedes, sworn testimony.

This is precisely the posture in which amendment is favored. Courts routinely grant leave where discovery reveals new actors, new facts, or new theories supported by evidence.

2

## IV. DEFENDANTS WILL SUFFER NO UNDUE PREJUDICE

Defendants cannot plausibly claim prejudice.

The proposed amendment:

- Arises from Defendants' own testimony, emails and documents, of which 3729 pages of documents were produced on January 12, 2026;
- Concerns the same nucleus of operative facts;
- Does not require duplicative discovery; and
- Does not alter the fundamental nature of the case.

Prejudice requires a showing of unfair surprise or inability to defend—not additional exposure. Defendants have had knowledge of many of these facts and documents since September 2025.

## V. THE PROPOSED AMENDMENT IS NOT FUTILE

The attached Proposed Second Amended Complaint pleads details, non-conclusory facts establishing:

- First Amendment retaliation;
- Viewpoint discrimination;
- Procedural due process violations; and
- Individual liability based on knowledge, ratification, and deliberate indifference.

These claims are pleaded well above the Rule 12 standard. Importantly, the amendment directly addresses—and corrects for—the Court's prior observation that the TRO ruling rested on a limited evidentiary record. It also lowers the number of Defendants who were named in their official capacities. Whether Plaintiff ultimately prevails is not the Rule 15 inquiry. Futility requires that amendment be clearly insufficient as a matter of law, which it is not.

3

## VI. AMENDMENT PROMOTES EFFICIENT AND JUST RESOLUTION

Allowing amendment now serves judicial economy avoiding piecemeal litigation, preventing duplicative lawsuits, ensuring the case proceeds on a complete factual record, and allowing merits-based adjudication rather than procedural truncation. Rule 15 exists to facilitate exactly this result. Moreover, allowing amendment now advances Rule 1's mandate of the just and speedy determination of this action by ensuring that all claims arising from a single course of conduct are adjudicated together.

## VII. CONCLUSION

This is a case where discovery has done precisely what discovery is meant to do—reveal who knew what, when, and chose not to act. Rule 15 requires that Plaintiff be allowed to plead those facts.

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Proposed Second Amended Complaint.

Respectfully Submitted,

 /s/ Robert C. Bigelow, Esq.
Robert C. Bigelow, Esq. #022022
Bigelow Legal, PLLC
4235 Hillsboro Pike, Suite 301
Nashville, TN 37215
(615) 829-8986
rbigelow@bigelowlegal.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2026, a copy of the foregoing is being sent via email to all opposing counsel per the Court CM/ECF system:

/s/ Robert C. Bigelow
Robert C. Bigelow #022022
Bigelow Legal, PLLC
4235 Hillsboro Pike, Suite 301
Nashville, TN 37215
rbigelow@bigelowlegal.com
(615) 829-8986