February 24, 2026

Dear Chancellor Plowman,

I have received your notice of termination.

I am writing to express my wish to appeal the termination under the Uniform Administrative Procedures Act.

In response to the remainder of your letter, I contest your claim that there is a threat of "retributive violence" against me as no such threat has been evidenced by any investigation. Furthermore, if such threats exist against me (of which I have not been made aware, nor have the police), the University's job should be to protect me and the University from such threats rather than terminate me, the target, of those threats. I have never threatened the university in any shape or form. I am also wondering why, if you are so concerned with my presence on campus being dangerous, you still invited me to campus to come to your office for a meeting. If you believe so strongly that it is my presence on campus that would cause threats to campus, I am also wondering why teaching online was never considered as an option and why the most extreme form of discipline – expedited termination – was the only option available to you.

In response to your citing of the Faculty Handbook, which you yourself have violated through the ad-hoc measures that you have used to terminate me:

- I have the mutual respect of my colleagues as well as students at the University of Tennessee. This has been evidenced by countless statements by faculty members, signatures on petitions, as well as a Faculty Senate resolution. Furthermore, you testified to the fact that you did not reach out to any faculty or students to see if they felt a lack of mutual respect from me.
- My teaching, scholarship, and service – the purview of my duties and obligations as an employee of the University – have set a clear record that I show respect for the opinions of others. You are targeting my extramural speech that has nothing to do with the University of Tennessee or my duties as an employee.
- My comment on my friend's private social media post from my own personal and private social media profile did not in any way represent the University or claim to represent it.

On this latter point, I would like to note that my comment was a *comment* to a post that certainly did raise issues of political positions. My comment was only a response, not a statement on its own, and in this larger context of how Facebook operates, I certainly was speaking on issues of a political nature. While it was redistributed without my knowledge or my consent, or the knowledge or consent of the private poster to whom I had responded, and the redistribution was seen by many, what matters is that I made it from my own personal account, which has nothing to do with the University of Tennessee. Previous

extremely inflammatory statements by faculty members have been seen as "protected" even when they directly advocated for violence. My comment did no such thing. You know as well as I do that my termination is a result of political pressure that you experienced. My termination is viewpoint discrimination as well as political retaliation and the University's "reputation" in no way legally constitutes property that I damaged.

I have major concerns with the process going forward, as you have shown as well as testified to a lack of care for actual process. You claimed, during your testimony under oath, for instance, that you are the only decision-maker and no one else's opinions or consultations matter. You also testified that you would never consider reinstating me. I am still putting my hopes in this process as it is the only option made available to me in a Faculty Handbook that has now been stripped almost entirely of meaning.

Please let me know how to proceed with the appeal.

Regards,

Dr. Tamar Shirinian