Gmail    Robb Bigelow <rbigelow@bigelowlegal.com>

# Depositions and Discovery

**Robb Bigelow** <rbigelow@bigelowlegal.com>    Thu, Mar 12, 2026 at 1:15 PM
To: "Fitzgerald, Michael" <mfitzge8@utk.edu>
Cc: "Caiazza, Tina" <tina.caiazza@tennessee.edu>, "Panter, Mitchell" <mitchell.panter@tennessee.edu>
Bcc: Tamar Shirinian <tshirinian@gmail.com>

Mike,

What are your reasons for those redactions?

Trustee email addresses could lead to off-record communications. Plaintiff needs to confirm student emails to ensure they are actual students, potential bias, and what departments they were/are in.

Plaintiff is happy to not publicly disclose the email addresses.

Robert C. Bigelow, Esq.
Bigelow Legal PLLC
4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
(615) 829-8986

On Thu, Mar 12, 2026 at 1:26 PM Fitzgerald, Michael <mfitzge8@utk.edu> wrote:

> We will continue to redact personal email addresses of the trustees and all student info. Everything else sound like fair game to me.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Robb Bigelow <rbigelow@bigelowlegal.com>
> **Sent:** Thursday, March 12, 2026 12:23:14 PM
> **To:** Caiazza, Tina <tina.caiazza@tennessee.edu>
> **Cc:** Fitzgerald, Michael <mfitzge8@utk.edu>; Panter, Mitchell <mitchell.panter@tennessee.edu>
>
> **Subject:** Re: Depositions and Discovery
>
> Thanks for your help, Tina.
>
> If green-lighted by Mike, can you please send me the unredacted emails involving the trustees (mainly I'm interested in the attachments) and the donor who threatened to pull 10+ million if Dr. Shirinian came back to teach? Happy to get the rest later.
>
> Thanks,
> Robb
>
> Robert C. Bigelow, Esq.
> Bigelow Legal PLLC
> 4235 Hillsboro Pike, Ste. 301
> Nashville, TN 37215

# The donor

**Robb Bigelow** <rbigelow@bigelowlegal.com> Tue, Mar 31, 2026 at 8:12 AM
To: Robb Bigelow <rbigelow@bigelowlegal.com>

Robert C. Bigelow, Esq.
Bigelow Legal PLLC
4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
(615) 829-8986

---------- Forwarded message ---------
From: **Robb Bigelow** <rbigelow@bigelowlegal.com>
Date: Mon, Mar 30, 2026 at 2:32 PM
Subject: Re: The donor
To: Fitzgerald, Michael <mfitzge8@utk.edu>
Cc: Panter, Mitchell <mitchell.panter@tennessee.edu>, Caiazza, Tina <tina.caiazza@tennessee.edu>

Mike,

Your position is not tenable.

You are withholding the identity of a third party who communicated a conditional withdrawal of a substantial donation tied to Dr. Shirinian's employment. That communication goes directly to motive, external pressure, and causation—core issues in this case. There is no legitimate basis to redact the sender's identity under those circumstances.

Your arguments fail for straightforward reasons:

- "We don't know if he's real."

  That is precisely why the identity must be disclosed. You cannot invoke uncertainty as both a sword and a shield.

- Timing.

  The notion that this communication is irrelevant because you claim it post-dates one step in the process ignores the actual claims at issue, including ongoing decision-making, ratification, and termination (which occurred after I deposed the Chancellor). External financial pressure anywhere along that continuum is discoverable and probative.

- Depositions.

  A decision not to examine witnesses about a document in your possession does not diminish its relevance or your obligation to produce it fully.

- Conditioning disclosure.

  Refusing to identify a key actor unless and until he is named as a defendant inverts the rules. We are entitled to the facts necessary to determine whom to name—not the other way around. Also, I should not have to move to amend again (and you oppose once again, without legitimate justification) just to add someone whose identity Defendants are hiding.

At this point, the continued redaction appears intentional and unjustified. If you do not produce the unredacted email

and identify the sender, we will move to compel immediately and seek all appropriate relief, including fees and any other remedies warranted by the circumstances.

Separately, please preserve all communications with or about this donor, including any internal discussions referencing the threatened withdrawal.

Confirm by COB today that you will produce the unredacted version and the sender's identity.

-Robb

Robert C. Bigelow, Esq.
Bigelow Legal PLLC
4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
(615) 829-8986

On Mon, Mar 30, 2026 at 3:15 PM Fitzgerald, Michael <mfitzge8@utk.edu> wrote:

> Robb:
>
> You had this email in your possession when you deposed the Chancellor and the President, and yet you never asked them a question about this allegedly withheld donation. All we have is an email – we do not know if the sender is a real donor, if the alleged donation is real, or if he really planned to withdraw it. You have no basis for believing that this email (which was received after Donde had already placed your client on admin leave) had any role in this decision. I will not give you his name until he is an actual defendant in the lawsuit.
>
> Mike

**Michael D. Fitzgerald**
Associate General Counsel

THE UNIVERSITY OF TENNESSEE SYSTEM

Office of the General Counsel

The University of Tennessee

505 Summer Place, UT Tower #1111 (*Postal*)

400 West Summit Hill Drive, UT Tower #1111 (*Physical*)

Knoxville, Tennessee 37902

**Phone:** (865) 974-9321

**Fax:** (865) 974-0100

**Email:** mike.fitzgerald@tennessee.edu

**This email, including any attachments, contains information that is confidential and may be protected by the attorney-client privilege, work product privilege, or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments, and notify me. The unauthorized use, dissemination, distribution or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.**

## John Doe #1

**Robb Bigelow** <rbigelow@bigelowlegal.com> Tue, Mar 31, 2026 at 8:13 AM
To: Robb Bigelow <rbigelow@bigelowlegal.com>

Robert C. Bigelow, Esq.
Bigelow Legal PLLC
4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
(615) 829-8986

---------- Forwarded message ---------
From: **Robb Bigelow** <rbigelow@bigelowlegal.com>
Date: Mon, Mar 30, 2026 at 1:56 PM
Subject: Re: John Doe #1
To: Fitzgerald, Michael <mfitzge8@utk.edu>
Cc: Panter, Mitchell <mitchell.panter@tennessee.edu>, Caiazza, Tina <tina.caiazza@tennessee.edu>

Mike,

Your position is noted, but it is not defensible.

You are withholding the identity of a central actor in the very conduct at issue—an individual whose communications are already in your client's possession, already produced (albeit redacted), and already being relied upon to shape the narrative of this case. Conditioning disclosure on the filing of an amended complaint is not a legitimate discovery position; it is leverage-seeking behavior that only underscores the significance of the information you are trying to delay.

There is no procedural rule that permits a party to redact the identity of a third-party wrongdoer whose conduct forms the basis of pleaded claims, particularly where (1) the document has been produced, (2) no valid privilege applies, and (3) the identity is necessary to evaluate claims, defenses, and potential joinder. If there is a privilege you contend applies, identify it and log it. Otherwise, the redaction is improper.

More importantly, your position puts your client in a difficult spot. The longer this identity is withheld, the more it supports the inference that the underlying conduct—and the pressure it reflects—is as problematic as it appears. That inference will not be helpful to your client in motion practice, discovery disputes, or otherwise.

We will proceed accordingly. If we do not receive the unredacted document, we will seek relief from the Court on an expedited basis, including appropriate sanctions and an order compelling production. I do not want to have to go that route.

That said, this is easily avoidable. If you produce the unredacted email, we can keep this as a routine discovery issue rather than an unnecessary escalation.

Please confirm by COB today that you will produce the unredacted version or if you'd rather us have the court decide.

-Robb

Robert C. Bigelow, Esq.
Bigelow Legal PLLC

4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
(615) 829-8986

On Mon, Mar 30, 2026 at 2:28 PM Fitzgerald, Michael <mfitzge8@utk.edu> wrote:

Robb:

As you might expect, we plan to oppose your motion to amend. Once you have a complaint on file naming John Doe #1 as a defendant, we will furnish his name. But not before.

Thank you,

Mike Fitzgerald

**From:** Robb Bigelow <rbigelow@bigelowlegal.com>
**Sent:** Monday, March 30, 2026 1:19 PM
**To:** Fitzgerald, Michael <mfitzge8@utk.edu>
**Cc:** Panter, Mitchell <mitchell.panter@tennessee.edu>; Caiazza, Tina <tina.caiazza@tennessee.edu>
**Subject:** Re: John Doe #1

Mike,

Please confirm whether you will produce an unredacted version of the John Doe #1 email. Any and all of UT/UTK responses to the email could be produced at a later date.

If you are not planning on production, please provide the reason why.

Absent production by COB today, I will assume you are declining and will proceed accordingly.

Robb

Robert C. Bigelow, Esq.

Bigelow Legal PLLC

4235 Hillsboro Pike, Ste. 301

Nashville, TN 37215

(615) 829-8986

On Sat, Mar 28, 2026 at 10:04 AM Robb Bigelow <rbigelow@bigelowlegal.com> wrote:

Dear Mike,

As you know, yesterday, Plaintiff moved for leave to file a Second Amended Complaint, with John Doe #1 as a named Defendant. Please identify John Doe #1 and provide a fully unredacted version of the email he sent, along with any responses, by this Monday at noon.

This communication goes directly to motive, external pressure on state actors, and the decision-making process at issue. It also strikes at the heart of the claims against him. There is no valid basis to withhold the identity of a third party who sought to influence a public university's exercise of its authority.

If Defendants decline, we will proceed accordingly, including addressing the redaction through motion practice.

Robb

Robert C. Bigelow, Esq.

Bigelow Legal PLLC

4235 Hillsboro Pike, Ste. 301

Nashville, TN 37215

(615) 829-8986

## Meet and Confer (and Upcoming Depositions)

**Robb Bigelow** <rbigelow@bigelowlegal.com> Sat, Mar 21, 2026 at 7:45 AM
To: "Fitzgerald, Michael" <mfitzge8@utk.edu>
Cc: "Panter, Mitchell" <mitchell.panter@tennessee.edu>, "Caiazza, Tina" <tina.caiazza@tennessee.edu>
Bcc: Tamar Shirinian <tshirinian@gmail.com>

Mike,

Based on the Defendants' responses to the subpoena duces tecum for Ryan Stinnett and the accompanying privilege log, Plaintiff cannot adequately prepare for the upcoming depositions. Unfortunately, they must be postponed. I wanted to raise this now so no one spends the weekend preparing witnesses for depositions.

Plaintiff's position is straightforward.

First, the withheld material does not reflect legal advice. The privilege log is dominated by entries such as "Draft Response," "Social Media Posts," "Draft Statement – 1st Review," and similar communications that, on their face, concern messaging, media strategy, political-response coordination, and crisis management rather than legal analysis.

Second, there is no apparent basis to contend that any decision-maker relied on legal advice when taking the challenged actions; in fact, the decision makers testified they ***did not rely on any legal advice***. The record instead indicates a pre-decided outcome, with counsel being used to route communications and shield non-legal discussions from discovery.

Third, the privilege log is facially deficient under Rule 26(b)(5). It does not identify the legal issue presented for each entry, does not describe the nature of any legal advice allegedly sought or given, and does not distinguish legal communications from business, HR, PR, or political-response communications. That deficiency, standing alone, warrants in camera review and may justify rejection of the privilege claims altogether and waiver of any asserted privilege.

Fourth, the withheld communications are directed to messaging, public response, and reputation management, not legal advice. Plaintiff contends Defendants used the Office of General Counsel to draft PR messaging, route political pressure, avoid written records, and manufacture privilege.

Unless Defendants promptly provide full responses, Plaintiff will move to compel and seek in camera review. At a minimum, Plaintiff requests that Defendants promptly advise whether they will: (1) produce the withheld documents (even if, for the time being, for attorneys' eyes only), (2) provide an amended privilege log compliant with Rule 26(b)(5), and (3) identify whether Defendants contend any decisionmaker relied on specific legal advice in connection with the adverse actions at issue.

Please let me know by noon on Tuesday, March 24, whether Defendants will fully respond to the subpoena.

Thanks,
Robb

Robert C. Bigelow, Esq.
Bigelow Legal PLLC
4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
(615) 829-8986

On Sat, Mar 21, 2026 at 7:07 AM Robb Bigelow <rbigelow@bigelowlegal.com> wrote:

Thank you for forwarding this, Tina.

Robert C. Bigelow, Esq.
Bigelow Legal PLLC
4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
(615) 829-8986

On Fri, Mar 20, 2026 at 3:47 PM Caiazza, Tina <tina.caiazza@tennessee.edu> wrote:

Robb,

Attached, please find nonprivileged unredacted or reredacted documents from the previously produced documents, bates-numbered UTT_1-3082.

Also attached, please find documents responsive to the subpoena duces tecum to Ryan Stinnett, along with a Privilege Log outlining privileged documents not produced.

If you have any questions, or need further information regarding these documents, please let us know.

Thank you.

Tina M. Caiazza, Paralegal, BA, CAP

Office of the General Counsel

505 Summer Place, UT Tower #1155

Knoxville, TN 37902

865-974-8300 - Office

865-659-9694 - Cell

tina.caiazza@tennessee.edu

THE UNIVERSITY OF TENNESSEE SYSTEM

**This email, including any attachments, contains information that is confidential and may be protected by the attorney-client privilege, work product privilege, or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments, and notify me. The unauthorized use, dissemination, distribution or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.**