THE UNIVERSITY OF TENNESSEE SYSTEM

OFFICE OF THE GENERAL COUNSEL

Michael D. Fitzgerald
Deputy General Counsel
865-974-9321
mike.fitzgerald@tennessee.edu

April 7, 2026

Hon. Jill E. McCook
Magistrate Judge
U.S. District Court for the Eastern District of Tennessee
800 Market Street, Suite 142
Knoxville, Tennessee 37902

VIA E-MAIL

Re: *Shirinian v. Plowman, et al.*
U.S. District Court for the Eastern District of Tennessee
Civil Action No. 3:25-cv-528-KAC-JEM

Dear Judge McCook:

Pursuant to the Court's directive, in response to plaintiff's request to review a discovery dispute, please find Defendants' Position Statement below.

**REQUEST FOR UNREDACTED EMAIL FROM POTENTIAL DONOR**

Plaintiff's first request is for an unredacted version of an email received by Melissa Tindell, Vice President for Communications and Marketing, that was addressed to President Randy Boyd. The redacted version is attached to this position statement as Exhibit 1 (UT_1221). The University refuses to produce the unredacted version for several reasons.

First, Plaintiff has never properly requested the document. Last fall, in response to a multitude of public records requests, the University produced to all requestors a packet of more than 3,000 pages of documents pertaining to the Tamar Shirinian case. In accordance with a statutory exception to the Tennessee's Public Records Act ("TPRA"), it redacted the identities of all donors. That statute states:

> Records and information that concern gifts to public institutions of higher education or foundations established under § 49-7-107, and that include the name, address, telephone number, social security number, driver license information, or any other personally identifiable information about the donor or members of the donor's family, shall not be open for public inspection.

Tenn. Code Ann. § 49-7-140. At this stage, Plaintiff's request for this information is nothing more than a TPRA request; thus, it would violate the TPRA for the University to provide the donor's name.[1]

[1] Plaintiff's counsel attaches an email where University counsel appeared to consent to releasing the donor's name. Given that such action is forbidden by state law, the response of University counsel was an obvious oversight.

The University also redacted the identities of all students pursuant to the Family and Education Records protection Act, 20 U.S.C. § 1232g, among other redactions as permitted by the TPRA.

When the parties exchanged initial disclosures in this lawsuit, the University voluntarily produced to Plaintiff's counsel the entire 3,000-page public production. This production was far broader than is required by Fed. R. Civ. P. 26(a)(1), which requires only that a party produce documents that it "may use to support its claims or defenses."

Plaintiff, until only recently, has never propounded any request for production of documents upon any Defendant. Counsel for the plaintiff has conducted six depositions using only the documents in the public production (which included the redacted email from the alleged donor). Thus, the University is under no obligation at this time to produce this document under the Federal Rules of Civil Procedure, and doing so would violate Tennessee law.

Second, even if she had properly requested an unredacted version of the email, the University would object to the request on the grounds that it is not relevant to any claim or defense in this lawsuit. See Fed. R. Civ. P. 26(b)(1). The email was addressed to a member of President Boyd's staff. Plaintiff has no evidence that Chancellor Plowman ever even saw this email, much less that it influenced Chancellor Plowman's decision to initiate termination proceedings against Plaintiff. On the contrary, the email arrived in Ms. Tindell's inbox after Chancellor Plowman had already issued her notice to Plaintiff that Chancellor Plowman was placing her on paid administrative leave. Plaintiff's counsel had the redacted version of this document in his possession when he deposed Chancellor Plowman for six hours and President Boyd for eight hours. At no time did he even bother to ask them if they had ever seen the email or if they were influenced by it in any way.

Plaintiff now seeks, for the third time, to amend her complaint to add two state-law business tort claims against this potential donor. These claims are absurd and would not survive a 12(b)(6) motion to dismiss. The donor did not threaten to withdraw their donation – they simply mentioned that their family trust was set to be a large donor and opposed Plaintiff's continued employment. This email does not constitute any greater interference with business relations or inducement of breach of contract than the hundreds of other emails Chancellor Plowman's office received.

Plaintiff's true motive has nothing to do with the lawsuit itself. Plaintiff has made this lawsuit a media spectacle throughout the litigation, and her only goal in requesting this information now is to embarrass this potential donor publicly.

As this Court knows, it may forbid the disclosure of discovery to protect a person from "annoyance, embarrassment, [or] oppression." Fed. R. Civ. P. 26(c)(1). That is precisely what this Court should do here – forbid the disclosure of this donor's identity – consistent with the public policy of Tennessee – unless Plaintiff can articulate a viable claim against this donor (which she cannot). This donor simply emailed the University to express concern about Plaintiff's continued employment (as did hundreds of others) – Plaintiff can make no reasonable argument for obtaining their identity except to expose them to public

embarrassment.

## REQUEST FOR ATTORNEY-CLIENT PRIVILEGED DOCUMENTS FROM GENERAL COUNSEL, RYAN STINNETT

Plaintiff's second request is for more emails from Ryan Stinnett, the University's General Counsel. The University has already produced many emails to and from Mr. Stinnett in the public production and in response to Plaintiff's subpoena *duces tecum* to Mr. Stinnett. The University was careful to withhold only documents containing legal advice. Nonetheless, Plaintiff persists in demanding material unquestionably protected by the attorney-client privilege without providing any valid legal basis for doing so.

In order to be privileged, "communications must involve the subject matter of the representation and must be made with the intention that they will be kept confidential." *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 213 (Tenn. Ct. App. 2002).

The privilege applies not only to the client's communications but also to the attorney's communications to his or her client when the attorney's communications are specifically based on the client's confidential communications or when disclosing the attorney's communications would, directly or indirectly, reveal the substance of the client's confidential communications.

*Id.*

The elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*Fausek v. White*, 965 F.2d 126, 129 (6th Cir.1992).

Here, every communication withheld by the Defendants meets each of these elements. All of the communications are to or from Mr. Stinnett, who was acting at all times as legal advisor to the University. All of the communications contained legal advice pertaining to the University's response to the social media comment by Plaintiff. All emails to or from Mr. Stinnett were made with the expectation that they would remain confidential. All emails were between Mr. Stinnett, Chancellor Plowman and members of her cabinet or President Boyd and members of his staff. None included a third party or were shared with a third party. Thus, these communications are permanently protected from disclosure by the client or Mr. Stinnett.

Plaintiff splits the hair too finely in limiting the privilege to the actual employment decision and nothing more. Mr. Stinnett advised about a broad range of legal issues pertaining to the business impact of the decision, the public-relations aspects of the decision, and the media-relations strategies.

> [L]egal and business considerations may frequently be inextricably intertwined. This is inevitable when legal advice is rendered in the context of commercial transactions or in the operations of a business in a corporate setting. The mere fact that business considerations are weighed in the rendering of legal advice does not vitiate the attorney-client privilege.
>
> *Coleman v. American Broadcasting Co.*, 106 F.R.D. 201, 206 (D.C.1985); *see also Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir.1991) (holding that investigative tasks that are related to rendering of legal services are privileged); *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. 91, 97 (S.D.N.Y.1993) (noting that the distinction between legal and business concerns is necessarily blurred in a corporate litigation context).

The cases cited by Plaintiff as contrary legal authority are curiously more helpful to Defendants. The Supreme Court's *Upjohn* decision broadly upheld the attorney-client privilege in communications between employees at various levels of a corporation and its attorneys. *Upjohn*, 449 U.S. at 395 ("Consistent with the underlying purposes of the attorney–client privilege, these communications must be protected against compelled disclosure."). In *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754 (D.C. Cir. 2014) the Court explicitly rejected a narrow "but-for" test in favor of a broader "primary purpose" test in determining whether the attorney-client privilege applies. Interestingly, *Kellogg* cited *Upjohn* as support for adopting the broader test.

Here, the University was dealing with a legal, political, business, and public-relations nightmare created by Plaintiff. The primary purpose of every withheld communication was to obtain or request legal advice about how to deal with the various aspects of this crisis. All of these communications are privileged and thus properly withheld from production by the University.

The University attaches to this position statement a copy of its privilege log as Exhibit 2 – the Court can clearly see that the University was careful to withhold privileged material and produced everything else. The University is confident that it has already produced all non-privileged emails from the University's General Counsel, and if necessary, can produce documents for in camera review.

Plaintiff grouses that the University's privilege log lacks sufficient detail. First, he cites the wrong rule – the applicable rule here is Fed. R. Civ. P. 45(e)(2)(a). That rule requires Defendants to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Defendants' view is that their privilege log satisfies this rule and provides Plaintiff with ample information to ascertain that the withheld documents contain privileged material.

The University remains committed to responding to proper discovery and is confident it has produced all responsive, non-privileged, and relevant documents to date.

Kindest regards,

Michael D. Fitzgerald
Deputy General Counsel
The University of Tennessee

Enclosures (as stated)

**From:**
**Sent time:** 09/15/2025 01:36:36 PM
**To:** Tindell, Melissa </o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=cbe20c1132ad45a989d35cf6d03dd92a-mcopela9>
**Cc:**
**BCc:**
**Subject:** About Charlie Kirk

EXHIBIT 1

You don't often get email from Learn why this is important

Dear President Boyd,

I cannot believe what I just read about Dr. Tamar Shirinian's comments on the death of Charlie Kirk. I can only hope this in not true.

My Family Trust is set to leave a sizable estate ($10 M plus) to UT's Engineering department.

If Dr. Tamar Shirinian's comments are true; I find it difficult to understand why UT hired this person. Any UT employee with such a hateful point of view does not deserve to be employed at UT. This is not the UT I know and definitely not the UT I support.

## PRIVILEGE LOG – RE: STINNETT EMAILS IN RESPONSE TO SUBPOENA

**RE: Shirinian v. Plowman, et al., USDC Eastern District of Tennessee, No. 3:25-cv-528**

**EXHIBIT 2**

**Ryan Stinnett Emails in response to Subpoena Duces Tecum – CRS_1-342**

| | |
|---|---|
| AC | = Attorney-Client Privilege |
| AWP | = Attorney Work-Product |
| LA | = Legal Advice |
| HIPAA | = Protected health information not related to Hickory |
| FERPA | = Student Identifiers |

| DATE | FROM | TO | SUBJECT | PRIVILEGE |
|---|---|---|---|---|
| 9/14/25<br><br>1 | Tindell | Boyd, Whitworth, Plowman, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 9/14/25<br><br>2 - 3 | Plowman | Tindell, Boyd, Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 9/14/25<br><br>4 - 6 | Tindell | Boyd, Whitworth, Plowman, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 9/14/25<br><br>7 - 9 | Boyd | Tindell<br>Cc: Plowman, Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 9/14/25<br><br>10 - 12 | Tindell | Boyd, Cc: Whitworth, Plowman, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 9/14/25<br><br>13 - 16 | Plowman | Tindell, Boyd, Cc: Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 9/14/25<br><br>17 - 20 | Boyd | Plowman Cc: Tindell, Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 9/14/25<br><br>21 - 24 | Tindell | Plowman, Boyd, Cc: Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 9/14/25<br><br>25 - 28 | Plowman | Boyd, Cc: Tindell Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 9/14/25<br><br>29 - 33 | Plowman | Tindell, Boyd, Cc: Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |

| | | | | |
|---|---|---|---|---|
| 9/14/25<br><br>34 – 38 | Tindell | Plowman, Boyd, Cc: Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 39 - 44 | Previously produced UT_445, 446, 1106, 1900 | | Attachment to 39 – Student email – see CRS_42 as redacted | Student – FERPA<br><br>**PRODUCE W/ REDACTIONS** |
| 9/14/25<br><br>45 | Boyd | Plowman, Tindell, Cc: Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails | AC<br>Seeking LA |
| 9/14/25<br><br>46 – 49 | Plowman | Tindell, Boyd, Cc: Whitworth, Scoggins, Stinnett, Benton | Tamar Shirinian emails<br><br>*Draft* | AC<br>Seeking LA |
| 50 – 52 | Already produced UT_1116, 1117, 1455 | | | **PRODUCE** |
| 9/15/25<br><br>53 | Tindell | Boyd, Stinnett, Whitworth, Martin, Savarese | Draft Response | AC<br>Seeking LA |
| 9/15/25<br><br>54 | Whitworth | Boyd, Plowman, Stinnett, Benton, Scoggins, Tindell | Fwd: Chairman Todd's email | AC<br>Seeking LA<br><br>**PRODUCE W/ REDCTIONS** |
| 9/15/25<br><br>55 | Stinnett | Boyd, Plowman, Zomchick, Benton, Scoggins, Powell<br>Bcc: Stinnett | Social Media Posts<br>Attachments:<br>IMG_0961<br>IMG_1423<br>Post.msg | AC<br>LA<br>AWP |
| 9/15/25<br><br>56 | Stinnett | Boyd, Plowman, Zomchick, Benton, Scoggins, Powell<br>Bcc: Stinnett | Social Media Posts<br>Attachments:<br>IMG_0961<br>IMG_1423<br>Post.msg | AC<br>LA |
| 9/15/25<br><br>57 | Scoggins | Stinnett, Boyd, Plowman, Zomchick, Benton, Powell | Social Media Posts<br>Attachment:<br>KirkPosts.docx | AC<br>Seeking LA<br>AWP |
| Bottom of 57 - 58 | Stinnett | Boyd, Plowman, Zomchick, Benton, Scoggins, Powell<br>Bcc: Stinnett | Social Media Posts<br>Attachments:<br>IMG_0961<br>IMG_1423<br>Post.msg | AC<br>LA<br>AWP |
| 9/15/25<br><br>59 | Tindell | Stinnett, Whitworth, Boyd | Draft Response | AC<br>Seeking LA |

| | | | | |
|---|---|---|---|---|
| 9/15/25<br><br>60 | Boyd | Stinnett, Scoggins, Plowman, Tindell, Benton, Whitworth | FW: Draft Response | AC<br>Seeking LSA |
| 9/15/25<br><br>61 – 62 | Whitworth | Boyd, Stinnett, Scoggins, Plowman, Tindell, Benton | Draft Response | AC<br>Seeking LA |
| 9/15/25<br><br>63 | Boyd | Whitworth, Stinnett, Scoggins, Plowman, Tindell, Benton | Draft Response | AC<br>Seeking LA |
| 9/15/25<br><br>Bottom of 63 - 64 | Boyd | Stinnett, Scoggins, Plowman, Tindell, Benton, Whitworth | FW: Draft Response | AC<br>Seeking LA |
| 9/15/25<br><br>65 | Gardner | Stinnett<br>Cc: Benton, Scoggins | Social Media Activity<br>Attachment: | AC<br>Seeking LA |
| 9/15/25<br><br>66 - 67 | Already produced UTT_1413-1414 | | Attachment:<br>Kirk Posts.docx | AWP<br><br>**PRODUCE W/ REDACTIONS** |
| 9/15/25<br><br>68 | Benton | Stinnett, Plowman, Scoggins, Zomchick | Draft Statement - 1st Review<br>Attachment:<br>09152025 Statement.docx | AC<br>Seeking LA |
| 9/15/25<br><br>69 – 70 | Boyd | Scoggins, Stinnett, Plowman, Zomchick, Benton, Powell, Tindell | Social Media Posts | AC<br>Seeking LA |
| 9/15/25<br><br>71 | Zomchick | Benton, Stinnett, Plowman, Scoggins | Draft Statement – 1st Review<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>72 - 73 | Benton | Boyd, Scoggins, Stinnett, Plowman, Zomchick, Powell, Tindell | Re: Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>74 - 76 | Plowman | Benton, Boyd, Scoggins, Stinnett, Zomchick, Powell, Tindell | Social Media Posts | AC<br>Seeking LA |
| 9/15/25<br><br>77 - 78 | Scoggins | Zomchick, Benton, Stinnett, Plowman, Powell | Draft Statement – 1st Review | AC<br>Seeking LA |
| 9/15/25<br><br>Top of 79 | Scoggins | Boyd, Stinnett, Plowman, Zomchick, Benton, Powell, Tindell | Social Media Posts | AC<br>Seeking LA |
| 9/15/25<br><br>Bottom of 79 – 81 | Boyd | Scoggins, Stinnett, Plowman, Zomchick, Benton, Powell, Tindell | Social Media Posts | AC<br>Seeking LA |

| | | | | |
|---|---|---|---|---|
| *Dup of 69 - 70* | | | | |
| 9/15/25<br><br>82<br><br>Bottom of 82 – 84 *Dup of 79-81* | Boyd | Scoggins, Stinnett, Plowman, Zomchick, Benton, Powell, Tindell | Social Medial Posts | AC<br>Seeking LA |
| 9/15/25 Top of 85<br><br>Bottom of 85 – 88 *Dup of 79-81* | Tindell | Boyd, Scoggins, Stinnett, Plowman, Zomchick, Benton, Powell | Social Media Posts | AC<br>Seeking LA |
| 9/15/25<br><br>89 – 90 | Moore | Stinnett | Voicemail from Leslie Irwin to BOT office | **PRODUCE** |
| 9/15/25<br><br>91 - 93 | Benton | Scoggins, Zomchick, Stinnett, Plowman, Powell | Draft Statement – 1st Review | AC<br>Seeking LA |
| 9/15/25<br><br>94 – 96 | Scoggins | Benton, Zomchick, Stinnett, Plowman, Powell | Draft Statement – 1st Review | AC<br>Seeking LA |
| 9/15/25<br><br>97 – 100 | Plowman | Scoggins, Benton, Zomchick, Stinnett, Powell | Draft Statement – 1st Review | AC<br>Seeking LA |
| 9/15/25<br><br>101 – 103 | Plowman | Benton, Scoggins, Zomchick, Stinnett, Powell | Draft Statement – 1st Review | AC<br>Seeking LA |
| 9/15/25<br><br>104 - 105 | Benton | Boyd, Scoggins, Stinnett, Plowman, Zomchick, Powell, Tindell | Social Media Posts | AC<br>Seeking LA |
| 9/15/25<br><br>106 - 108 | Tindell | Benton, Boyd, Scoggins, Stinnett, Polowman, Zomchick, Powell | Social Media Posts | AC<br>Seeking LA |
| 9/15/25<br><br>109 - 110 | Already produced UTT_2002, 2003 | | | **PRODUCE** |
| 9/15/25<br><br>111 – 113 | Boyd | Tindell, Benton, Scoggins, Stinnett, Plowman, Zomchick, Powell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |

| | | | | |
|---|---|---|---|---|
| 9/15/25<br><br>114 - 116 | Boyd | Benton, Scoggins, Stinnett, Plowman, Zomchick, Powell, Tindell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>117 – 120 | Tindell | Boyd, Benton, Scoggins, Stinnett, Plowman, Zomchick, Powell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>121 - 122 | Tindell | Benton, Stinnett | FW: WATE Inquiry – hateful speech investigation | AC<br>Seeking LA<br>**PRODUCE W/ REDACTION** |
| | Joe Creed | Tindell | WATE Inquiry – hateful speech investigation | **PRODUCE** |
| 9/15/25<br><br>123 - 126 | Tindell | Boyd, Benton, Scoggins, Stinnett, Plowman, Zomchick, Powell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>127 – 130 | Boyd | Tindell, Benton, Scoggins, Stinnett, Plowman, Zomchick, Powell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>131 – 135 | Plowman | Boyd, Tindell, Benton, Scoggins, Stinnett, Zomchick, Powell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>136 – 140 | Tindell | Boyd, Benton, Scoggins, Stinnett, Plowman, Zomchick, Powell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>141 – 145 | Plowman | Tindell, Boyd, Benton, Scoggins, Stinnett, Zomchick, Powell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>146 – 151 | Tindell | Plowman, Boyd, Benton, Scoggins, Stinnett, Zomchick, Powell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>152 - 157 | Benton | Tindell, Plowman, Boyd, Scoggins, Stinnett, Zomchick, Powell | Social Media Posts Attachment – *Draft* 09152025 Statement_docx | AC<br>Seeking LA |
| 9/15/25<br><br>158 | Young | Stinnett, Scoggins, Zomchick, Powell | Draft Admin Leave | AC<br>LA |
| 9/15/25<br><br>159 -160 | Moore | Compton, Boyd<br>Cc: Stinnett | Messages to the Board | **PRODUCE W/ REDACTION** |

| | | | | |
|---|---|---|---|---|
| *See UTT 1415* | | | | |
| 9/15/25<br><br>161 – 162 | Stinnett | Young, Scoggins, Zomchick, Powell, Elam | Draft | AC<br>LA |
| 9/15/25<br><br>163 - 164 | Scoggins | Young, Stinnett, Zomchick, Powell, Elam, Benton | Draft | AC<br>Seeking LA |
| 9/15/25<br><br>165 – 167 | Young | Scoggins, Stinnett, Zomchick, Powell, Elam, Benton | Draft | AC<br>LA |
| 9/15/25<br><br>168 – 169 | Scoggins | Young, Stinnett, Zomchick, Powell, Elam, Benton | Draft | AC<br>Seeking LA |
| 9/15/25<br><br>170 - 175 | Boyd | Benton, Tindell, Plowman, Scoggins, Stinnett, Zomchick, Powell | Social Media Posts<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>176 – 178 | Scoggins | Young, Stinnett, Zomchick, Powell, Elam, Benton | Draft | AC<br>Seeking LA |
| 9/15/25<br><br>179 | Benton | Gardner, Stinnett<br>Cc: Tindell, Scoggins | Media Statement | AC<br>Seeking LA |
| 9/15/25<br><br>180 – 181 | Tindell | Benton, Gardner, Stinnett<br>Cc: Scoggins | Media Statement | AC<br>Seeking LA |
| 9/15/25<br><br>182 – 184 | Young | Zomchick, Benton, Elam, Powell, Scoggins, Stinnett | Legal rationale<br>Attachment:<br>2025-09-15 OGC Draft | AC<br>LA<br>AWP |
| 9/15/25<br><br>185 – 187 | Young | Benton, Zomchick, Elam, Powell, Scoggins, Stinnett | Revised again<br>Attachment: | AC<br>LA<br>AWP |
| 9/15/25<br><br>188 - 189 | Already produced UTT_199-200 | | | **PRODUCE W/ REDACTIONS** |
| 9/15/25<br><br>190 - 191 | Young | Elam, Stinnett, Powell | A new revision | AWP |
| 9/15/25<br><br>192 - 193 | Already produced UTT_201, 202 | | | **PRODUCE W/ REDACTIONS** |

| | | | | |
|---|---|---|---|---|
| 9/15/25<br><br>194 | Young | Young, Zomchick, Elam, Powell, Scoggins, Stinnett | A new revision | AWP |
| 9/15/25<br><br>195 – 198 | Scoggins | Young, Benton, Zomchick, Elam, Powell, Stinnett | Revised again<br>Attachment: draft | AC<br>Seeking LA |
| 9/15/25<br><br>199 – 201 | Already produced UTT_1419-1420 | | | **PRODUCE W/ REDACTIONS** |
| 9/15/25<br><br>202 - 203 | Scoggins | Young, Zomchick, Elam, Powell, Stinnett | A new revision | AC<br>Seeking LA |
| 9/15/25<br><br>204 | Already produced UTT_1204 | | | **PRODUCE W/ REDACTIONS** |
| 9/15/25<br><br>205 - 209 | Young | Scoggins, Benton, Zomchick, Elam, Powell, Stinnett | Revised again | AC<br>LA<br>AWP |
| 9/15/25<br><br>210 - 211 | Benton | Gardner, Stinnett<br>Cc: Tindell, Scoggins, Young | Media Statement | AC<br>Seeking LA |
| 9/15/25<br><br>212 – 23 | Young | Elam, Powell<br>Cc: Stinnett | Media Statement | AC<br>Seeking LA |
| 9/15/25<br><br>214 | Already produced UTT_1456, 1464 | | | **PRODUCE** |
| 9/15/25<br><br>215 | Tindell | Whitworth, Stinnett | SO YOU HAVE IT – Final Version | AC<br>Seeking LA |
| 9/15/25<br><br>216 -220 | Already produced UTT_2041-2042, 1457, 1465 | | | **PRODUCE** |
| 9/15/25<br><br>221 | Benton | Plowman, Stinnett, Young, Powell, Scoggins, Zomchick | Draft email to Campus<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>222 - 223 | Plowman | Benton, Stinnett, Young, Powell, Scoggins, Zomchick | Draft email to Campus<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>224 – 225 | Benton | Plowman, Stinnett, Young, Powell, Scoggins, Zomchick | Draft email to Campus<br><br>*Draft* | AC<br>Seeking LA |

| | | | | |
|---|---|---|---|---|
| 9/15/25<br><br>226 – 228 | Plowman | Benton, Stinnett, Young, Powell, Scoggins, Zomchick | Draft email to Campus<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>229 - 231 | Benton | Plowman, Stinnett, Young, Powell, Scoggins, Zomchick | Draft email to Campus<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>232 – 235 | Scoggins | Benton, Plowman, Stinnett, Young, Powell, Zomchick | Draft email to Campus<br><br>*Draft* | AC<br>Seeking LA |
| 9/15/25<br><br>236 - 237 | Plowman | Stinnett | A Message to Campus | **PRODUCE** |
| 9/15/25<br><br>238 – 239 | Benton | Tindell, Stinnett | FW: A Message to Campus | AC<br>Seeking LA |
| 9/15/25<br><br>240- 242 | Tindell | Benton, Stinnett | A Message to Campus | AC<br>Seeking LA |
| 9/15/25<br><br>243 | Already produced UTT_474 | | | **PRODUCE** |
| 9/15/25<br><br>244 | Moore | Stinnett | FW: Prof. Tamar Shirinian, Anthropology, U of TN, Knoxville | **PRODUCE** |
| 9/15/25<br><br>245 – 246 | Board of Trustees | Stinnett | FW: Grotesque employee Sharing email from ltricky@aol.com | **PRODUCE**<br>*See UTT 85* |
| 9/16/25<br><br>247 | Young | Stinnett, Powell, Elam, Scoggins, Zomchick, Benton | Attaching 1st draft | AC<br>AWP |
| 9/16/25<br><br>248 | Scoggins | Stinnett | Document conversation | AC<br>Seeking LA |
| 9/16/25<br><br>249 - 250 | Scoggins | Young, Stinnett, Powell, Elam, Zomchick, Benton | Attaching 1st draft | AC<br>Seeking LA |
| 9/16/25<br><br>251 - 253 | Scoggins | Tindell, Benton, Stinnett | Faculty Issue | Not responsive |
| 9/16/25<br><br>254 – 257 | Stinnett | Scoggins<br>Cc: Benton, Young, Powell, Elam, Zomchick<br>Bcc: Stinnett | Attaching 1st draft | AC<br>LA |
| 9/16/25<br><br>258 – 261 | Stinnett | Scoggins<br>Cc: Benton, Young, Powell, Elam, Zomchick<br>Bcc: Stinnett | Attaching 1st draft | AC<br>LA |

| | | | | |
|---|---|---|---|---|
| 9/16/25<br><br>262 – 266 | Stinnett | Powell, Moore, Young, Hamdeh, Joiner, Fitzgerald, Elam | Message to Campus | AWP |
| 9/16/25<br><br>267 – 269 | Young | Elam, Powell<br>Cc: Stinnett | Personnel action | **PRODUCE W/ REDACTION**<br>AWP |
| 9/16/25<br><br>270 | Young | Scoggins, Stinnett, Zomchick, Powell, Elam | Revised draft based on discussions | AC<br>LA<br>AWP |
| 9/16/25<br><br>271 - 272 | Scoggins | Young, Stinnett, Zomchick, Powell, Elam | Revised draft based on discussions | AC<br>Seeking LA<br>AWP |
| 9/16/25<br><br>273 - 274 | Zomchick | Scoggins, Young, Stinnett, Powell, Elam | Revised draft based on discussions | AC<br>Seeking LA |
| 9/16/25<br><br>275 – 276 | Powell | Scoggins, Young, Stinnett, Zomchick, Elam | Revised draft based on discussions | AC<br>LA |
| 9/16/25<br><br>277 – 279 | Scoggins | Young, Stinnett, Zomchick, Powell, Elam | Revised draft based on discussions | AC<br>Seeking LA<br>AWP |
| 9/16/25<br><br>280 - 282 | Benton | Stinnett, Scoggins | FW: New JustFOIA Records Request UTS-36-2025 FOIA request from Samuel Rumbley | **PRODUCE** |
| 9/16/25<br><br>283 - 286 | Stinnett | Benton, Scoggins | New JustFOIA Records Request UTS-36-2025 | **PRODUCE** |
| 9/16/25<br><br>287 – 289 | Scoggins | Powell, Young, Stinnett, Zomchick, Elam | Revised draft based on discussions | AC<br>Seeking LA<br>AWP |
| 9/16/25<br><br>290 – 292 | Young | Stinnett, Powell, Elam | Revised draft based on discussions | AWP |
| 9/16/25<br><br>293 - 295 | Powell | Scoggins, Young, Stinnett, Zomchick, Elam | Revised draft based on discussions | AC<br>LA<br>AWP |
| 9/16/25<br><br>296 - 298 | Scoggins | Powell, Young, Stinnett, Zomchick, Elam | Revised draft based on discussions | AC<br>Seeking LA<br>AWP |
| 9/16/25<br><br>299 - 302 | Scoggins | Powell, Young, Stinnett, Zomchick, Elam | Revised draft based on discussions | AC<br>Seeking LA<br>AWP |
| 9/16/25<br><br>303 – 318 | Already produced UTT_2214 – | | | **PRODUCE W/ REDACTIONS** |

| | | | | |
|---|---|---|---|---|
| | 2218 | | | AC |
| 9/16/25<br><br>319 – 324 | Stinnett | Scoggins<br>Cc: Benton, Powell, Elam | Request for Action : Professors Social Media Post Promotes Intolerance and Undermines Education Integrity | **PRODUCE**<br><br>**Redacted**<br>AC |
| 9/16/25<br><br>325 – 330 | Stinnett | Plowman, Zomchick<br>Cc: Scoggins, Benton, Powell, Elam | Request for Action : Professors Social Media Post Promotes Intolerance and Undermines Education Integrity | **PRODUCE W/ REDACTIONS**<br><br>AC |
| 9/16/25<br><br>331 – 334 | Stinnett | Boyd, Whitworth, Tindell | Request for Action : Professors Social Media Post Promotes Intolerance and Undermines Education Integrity | **PRODUCE W/ REDACTIONS**<br><br>AC |
| 9/16/25<br><br>335 - 340 | Boyd | Stinnett, Whitworth, Tindell | Request for Action : Professors Social Media Post Promotes Intolerance and Undermines Education Integrity | **PRODUCE W/ REDACTIONS**<br><br>AC |
| 9/17/25<br><br>341 - 342 | Young | Warwick, Stinnett, Powell, Elam | FW: Notice *Draft* | AWP |