UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **TAMAR SHIRINIAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNIVERSITY OF TENNESSEE KNOXVILLE, DONDE PLOWMAN, RANDY BOYD, and CHARLES NOBLE, in their personal and official capacities,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 3:25-cv-528-KAC-JEM**<br>**JURY DEMANDED** |

**DEFENDANT PLOWMAN'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Comes now the Defendant, Donde Plowman, by and through counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, in response to Plaintiff's First Requests for Production of Documents and says as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to each request to the extent it seeks information that is privileged or immune from production under the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure.

2. Defendant objects to each document request to the extent it seeks information that is not relevant to Plaintiff's claims or proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

3. Defendant objects to each document request to the extent it seeks information that is already in the possession of Plaintiff or which is equally available to Plaintiff.

4. Defendant produces these documents based on information known at the time these responses were made. If Defendant should obtain additional responsive information in the

future, Defendant reserves the right to supplement her answers to these interrogatories and to assert additional objections should she discover grounds for such objections.

5. Defendant's responses to these requests for production are made without waiving or intending to waive, but to the contrary preserving and intending to preserve (a) all questions as to the competence, relevance, materiality or admissibility into evidence of any of the documents called for in these document requests for any purpose and in any aspect of this or any other court action, judicial or administrative proceeding or investigation; and (b) the right to object on any ground to the use of any such information in any aspect of this or any other court action, judicial or administrative proceeding or investigation.

6. Defendant objects to each document request to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Defendant further objects to each document request to the extent it seeks information or materials in a manner other than the manner in which they are kept in the usual course of business.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Produce all documents sufficient to identify each person who participated in, influenced, recommended, approved, or ratified any Decision relating to Plaintiff.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 2:** Produce all documents sufficient to show when the Decision to place Plaintiff on administrative leave was first considered, discussed, or made.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 3:** Produce all documents sufficient to show when the Decision to pursue termination of Plaintiff was first considered, discussed, or made.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 4:** Produce all documents reflecting information presented to YOU prior to any Decision relating to Plaintiff, including but not limited to summaries, briefings, emails, or communications prepared by others.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant Plowman further objects to this request as calling for information protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving those objections, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence. Privileged documents responsive to this request are being withheld and have been identified on the privilege log previously produced to Plaintiff on or about March 20, 2026 (the "Privilege Log") pursuant to Fed. R. Civ. P. 26(b)(5)(A). Defendant Plowman met with Plaintiff on February 4, 2026, wherein information was presented by Plaintiff. A copy of the transcript from the conversation is**

**attached hereto as Exhibit 1.**

**REQUEST NO. 5:** Produce all documents reflecting the reasons for any Decision relating to Plaintiff, including any changes, additions, or modifications to those reasons over time.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant Plowman further objects to this request as calling for information protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving those objections, Subject to and without waving those objections, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence. Privileged documents responsive to this request are being withheld and have been identified on the Privilege Log pursuant to Fed. R. Civ. P. 26(b)(5)(A).**

**REQUEST NO. 6:** Produce all Communications between YOU and any Political Actor relating to Plaintiff or her speech.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that the terms "Communications" and "Political Actor," as defined by Plaintiff, render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence, and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 7:** Produce all documents reflecting any Communication from a Political Actor-whether direct or relayed through an intermediary-concerning Plaintiff.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that the terms "Communications" and "Political Actor" and the phrase "direct or relayed through**

**an intermediary" render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 8:** Produce all documents reflecting any request, suggestion, recommendation, directive, or expectation from any Political Actor regarding discipline of Plaintiff.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the terms "Political Actor," "suggestion," and "expectation" render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 9:** Produce all documents reflecting any response by YOU or UTK to any Political Actor concerning Plaintiff.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the term "Political Actor" renders this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 10:** Produce all documents reflecting Communications with any Donor relating to Plaintiff.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the terms "Communications" and "Donor," as defined by Plaintiff, render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman objects, generally, to this request in that it calls for her to produce documents that would reveal the identity of University donors, which is for the purpose of annoyance, embarrassment, and/or oppression and is therefore outside the scope of permissible discovery under Fed. R. Civ. P. 26(c)(1). Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 11:** Produce all documents reflecting any concern regarding potential loss of donations, funding, or financial support relating to Plaintiff.

**RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendants further object to the production of any documents that would reveal the identity of University donors. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 12:** Produce all documents reflecting any Communication in which Plaintiffs situation was discussed in terms of "reputation," "brand," "public relations," or financial risk.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the**

terms "Communication" and "Plaintiff's situation" render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, and after a reasonably diligent search, Defendant Plowman has been unable to locate any responsive, non-privileged documents in her possession. Further, and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**REQUEST NO. 13:** Produce all documents reflecting Escalation of complaints, communications, or concerns relating to Plaintiff.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the term "Escalation," as defined by Plaintiff, renders this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has been unable to locate any responsive, non-privileged documents in her possession after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding information based on the foregoing objections.**

**REQUEST NO. 14:** Produce all documents reflecting how complaints or Communications about Plaintiff were tracked, categorized, summarized, or prioritized.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the use of the terms "Communications," as defined by Plaintiff, and "tracked, categorized, summarized, or prioritized," render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has been unable to locate any responsive, non-privileged documents in her possession after a reasonably diligent search.**

**REQUEST NO. 15:** Produce all summaries, dashboards, reports, or analytics reflecting public reaction to Plaintiff.

**RESPONSE: Defendant Plowman objects to this request on the grounds that it is**

**vague, ambiguous, and overbroad. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 16:** Produce all documents reflecting any investigation into Plaintiff prior to any Decision.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that the use of the term "Decision," as defined by Plaintiff, renders this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she was able to locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 17:** Produce all documents sufficient to identify any actual disruption attributed to Plaintiff prior to discipline.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 18:** Produce all documents reflecting any consultation with campus police, safety officials, or threat assessment personnel prior to discipline.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably**

**diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 19:** Produce all documents reflecting any threat assessment conducted prior to discipline.

**RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 20:** Produce all documents reflecting any discussion of Plaintiffs viewpoint, message, or perceived morality.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the lack of a temporal limitation and the use of "viewpoint, message, or perceived morality" render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 21:** Produce all documents containing references to Plaintiffs speech as "offensive," "reprehensible," "inappropriate," or similar characterizations.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the lack of a temporal limitation and the use of "Plaintiff's speech" render the request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly**

**withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 22:** Produce all documents sufficient to identify any Comparator Incident.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. The term "Comparator Incident" is not sufficiently definite for Defendant Plowman to formulate a response. Moreover, Defendant Plowman has produced all responsive, non-privileged documents in her possession that she could locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 23:** Produce all documents reflecting how UTK responded to any Comparator Incident, including whether discipline was imposed.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. The term "Comparator Incident" is not sufficiently definite for Defendant Plowman to formulate a response. Moreover, Defendant Plowman has produced all responsive, non-privileged documents in her possession that she could locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 24:** Produce all Communications between YOU and any member of the UT Board of Trustees relating to Plaintiff.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that the use of the term "Communications" renders this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search,**

**and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 25:** Produce all documents reflecting any briefing, update, or consultation with the Board regarding Plaintiff.

**RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 26:** Produce all Communications with PR, communications, or marketing personnel relating to Plaintiff.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the absence of a temporal limitation and the use of the term "Communications," as defined by Plaintiff, render this Request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 27:** Produce all drafts of any public or private statements relating to Plaintiff.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the absence of a temporal limitation and the use of "public or private statements" render this Request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search and based on her good-faith understanding**

**of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 28:** Produce all documents reflecting any concern regarding litigation risk, constitutional issues, or First Amendment implications.

**RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant Plowman further objects to the extent this request calls for her to produce materials or information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search. Privileged documents responsive to this request are being withheld and have been identified on the Privilege Log pursuant to Fed. R. Civ. P. 26(b)(5)(A).**

**REQUEST NO. 29:** Produce all Communications concerning Plaintiff from any personal device, personal account, or encrypted application.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the absence of a temporal limitation and the use of "Communications," as defined by Plaintiff, render the request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Defendant Plowman further objects to the extent this request calls for her to produce materials or information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Posts made to Defendant Plowman's X account on September 15, 2025, which mirror her e-mail message sent from her official Office of the Chancellor account that same date, which was previously produced, are attached hereto as <u>Exhibit 2</u> (bates-numbered UT_3730).**

**REQUEST NO. 30:** Produce all documents reflecting any litigation hold or preservation instruction relating to Plaintiff.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it calls for information protected by the attorney-client privilege. No non-privileged documents responsive to this request have been identified, and all privileged documents are being withheld and have been identified on the Privilege Log pursuant to Fed. R. Civ. P. 26(b)(5)(A).**

**REQUEST NO. 31:** Produce all documents reflecting retention or deletion settings for any communication platform used by YOU.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that the absence of a temporal limitation and the use of "any communication platform" render this Request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search.**

**REQUEST NO. 32:** Produce all documents reflecting any deletion, loss, or destruction of documents relating to Plaintiff.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 33:** Produce all documents sufficient to show a complete timeline of events from September 10-16, 2025.

**RESPONSE**: **Defendant Plowman objects to this request on the grounds that is overbroad and the term "timeline" is unclear. Moreover, Defendant Plowman is not aware of any such documents in existence. All documents containing information about all actions during the relevant time period have already been produced in this lawsuit,**

**and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 34:** Produce all documents sufficient to show a complete timeline of events from January 20-February 24, 2026.

**RESPONSE: Defendant Plowman objects to this request on the grounds that is overbroad and the term "timeline" is unclear. Moreover, Defendant Plowman is not aware of any such documents in existence. All documents containing information about all actions during the relevant time period have already been produced in this lawsuit, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 35:** Produce all documents reflecting any request, suggestion, recommendation, directive, or expectation from any third party that Plaintiff be disciplined, removed, or terminated.

**RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 36:** Produce all documents reflecting any response to such third-party requests.

**RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

**REQUEST NO. 37:** Produce all documents giving you the authority for your due process actions under University policies and procedures.

**RESPONSE: Defendant Plowman objects to this request on the grounds that the use of "your due process actions" renders the request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.**

Respectfully submitted this 20th day of April, 2026.

**THE UNIVERSITY OF TENNESSEE**

*s/ Michael D. Fitzgerald*
Michael D. Fitzgerald (BPR # 20079)
T. Mitchell Panter (BPR #031744)
505 Summer Place, UTT#1155
Knoxville, TN 37902
(865) 974-9321
mike.fitzgerald@tennessee.edu
mitchell.panter@tennessee.edu

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, the foregoing responses were e-mailed to counsel for plaintiff as follows:

Robert C. Bigelow, Esq.
Bigelow Legal, PLLC
4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
rbigelow@bigelowlegal.com

*s/ Michael D. Fitzgerald*
Michael D. Fitzgerald (BPR # 20079)

EXHIBIT A

TRANSCRIPT OF MEETING

February 4, 2026

IN ATTENDANCE:

Donde Plowman
Tamar Shirinian

LOCATION: University of Tennessee Office of the Chancellor

CHANCELLOR PLOWMAN: I'm Donde Plowman, Chancellor of the University.

MS. SHIRINIAN: I'm Tamar Shirinian, on an administrative leave from the University.

CHANCELLOR PLOWMAN: Okay. So your lawyer asked me something at the deposition at one point late in the day. He said something like, can you imagine taking Dr. Shirinian back or bringing her back to the University, and I answered no, and I wanted to give you the opportunity before I have a final decision about this to just talk to me and tell me anything you want me to hear that you think needs to be said to me about your situation, about what happened that day, or just -- I just want to hear from you.

MS. SHIRINIAN: Okay.

CHANCELLOR PLOWMAN: Okay.

MS. SHIRINIAN: So I take it that you said in your letters that you want to meet in good faith and with an open mind --

CHANCELLOR PLOWMAN: Right.

MS. SHIRINIAN: -- and I want to

believe that.

CHANCELLOR PLOWMAN: Yeah.

MS. SHIRINIAN: But you did also say during your testimony --

CHANCELLOR PLOWMAN: I did, yeah.

MS. SHIRINIAN: -- that you would never consider it, aside from a court order. So up to now, I feel as if the University has taken extreme and swift action with no investigation, little consultation with any parties outside of yourself, which, frankly, I think completely bypasses due process laid out in the faculty handbook, which is the only thing that I have as a faculty member to go by in terms of what I do in my life, in terms of how I understand my job and what I can and cannot do, and what I have -- what the University owes me in terms of process, but that was bypassed.

CHANCELLOR PLOWMAN: Okay.

MS. SHIRINIAN: I was shocked when I received your letter that you were putting me on administrative leave with expedited termination. I didn't, at the time, know what expedited termination was. I looked it

up right away, and honestly, I was horrified by the accusation that I was threatening or causing harm to members of the University, to property of the University, or that I had committed a felony, which I had not, so I knew it wasn't that. So I was going by the other things that were described as what constitutes the adequate cause for expedited termination. I don't think I did any of those things.

I have not been presented any evidence of the fact that I disrupted campus operations in any way. I never threatened anybody. I didn't incite violence. I would never incite violence. I'm sure you know that my husband works at the University. I have very dear friends who work at the University. My students are here. I would never, ever want to cause harm to anybody at this University. My child attends daycare on the University campus.

I take very good care to ensure the safety of campus. My students can attest to that. My colleagues can attest to that, but this decision was made without consultation

with any of those parties. There was no police report. There was no evidence that someone had been harmed or that I was causing somebody harm, and I don't think that anybody even knew that I was going to be terminated, because just a couple of hours before I received your note, I had talked to Gina Owens, who is the associate dean in my college, and I asked, do you think that there's any discipline coming from above, and she told me, no, I really don't think so, I haven't heard of anything. That was just a couple of hours before the final decision of expedited termination, and the expedited termination with pay doesn't exist in the handbook, and so I am now completely confused as to what this process is.

We are four and a half months past the date on which I received notice that I was being expeditely terminated and we are now sitting down for a meeting and I don't understand why and I don't understand any of this.

CHANCELLOR PLOWMAN: Okay. So I

mean, I just wanted to hear what you're thinking about and what's on your heart and mind. I'm not going to really like defend or argue about what I did or didn't do. I just want to give you the opportunity to tell me anything I don't know about what you did or what you didn't do or, you know, the situation. I mean, that's why I wanted to hear from you. I want to know, I guess, if there's anything I don't know. I know what was in the Tweet or whatever, the post. I know what I shared in the letters with you. So I really wanted to give you the opportunity just to tell me the things that you're thinking about and anything you want me to know.

MS. SHIRINIAN: Much of that, I wrote in my letter to you a week after.

CHANCELLOR PLOWMAN: Right.

MS. SHIRINIAN: My comment on a friend's Facebook, private Facebook post, was made in my private capacity. Nowhere on my Facebook page, which is also private, mentions the University of Tennessee. Nowhere does it say I work for the

University of Tennessee. My post, my comment, did not mention the University of Tennessee, and the comment was made to a friend as a friend, not as a professor, not as an employee of the University of Tennessee, not as a state employee, none of that. That comment was made to a person who I trust, a person who is a leftist, like I identify myself politically. She doesn't have any affiliations with anybody in the state of Tennessee. No one who is a student or a professor or staff, as far as I know at the University of Tennessee, is friends with her on Facebook, and only people who are friends with her on Facebook can see things that I comment on her Facebook page.

That comment was not meant to be for an audience of University of Tennessee students, faculty, administrators, staff. Frankly, it was not meant for a Knoxville audience even at all. I don't think my friend Hasmik has any friends in Knoxville other than me, and that was screenshotted. It was shared without my permission, without my knowledge. If I had known that someone

was going to be taking my words completely out of the original context and spreading them far and wide into audiences, I absolutely would not want to be reading words, my thoughts on that, my opinions and viewpoints on that. I would have never posted it there.

I had no idea that it was going to be spread so far and wide, and its spread frankly is beyond my control. It is beyond my control. I did not spread it. I would never have wanted it to spread, and I do regret the words that I used. In hindsight, knowing that it spread, it is not something that I am happy about.

CHANCELLOR PLOWMAN: Okay. I know you said that in your letter too, basically. Okay. You know, what you're telling me is the process has confused you, whatever is the process, and that it was in your private capacity with a personal friend and you didn't imagine that it could have gotten spread like that.

MS. SHIRINIAN: And I was aware of the University policies on speech, because

that has been something that faculty at the University have been very concerned about, and I know that you also have been concerned about it, and I don't know if you remember, but we've met once before, I believe in this building --

CHANCELLOR PLOWMAN: Okay.

MS. SHIRINIAN: -- with the critical race collective.

CHANCELLOR PLOWMAN: Okay.

MS. SHIRINIAN: This was years ago --

CHANCELLOR PLOWMAN: Uh-huh.

MS. SHIRINIAN: -- three, maybe three years ago when we were all very concerned, those of us who work on questions of race, which, at the time, was being defined by the state legislature as a divisive concept, if the University was going to protect our speech and our academic freedom, and I know this case, my case, is slightly outside of the scope of academic freedom.

CHANCELLOR PLOWMAN: Right.

MS. SHIRINIAN: But I really did

trust the University would protect extramural speech, free speech, and academic freedom, from your comments at that meeting, and in my department, we talked about the Board of Trustees' policies on free speech. We talked about how, if you have social media, make sure that your affiliation with the University is not anywhere on there, that if you are signing something, that if you are writing an op-ed, if you are doing any of these things, that you are not affiliating yourself with the University of Tennessee, and I took the care to do that, which is what the policy is, which is why I'm really confused as to why we're here.

CHANCELLOR PLOWMAN: Okay. I mean, as I said, I'm not going to -- I'm really not here to tell you my views, but I want to hear any last thing that you feel I should know before I finally make a decision on this. I'm trying to be open to, have I missed something with Tamar, is there something I should consider that I haven't, and so I appreciate what you're saying. So that's really -- that's why we're here, and

I'm sorry that it's -- this is the way it is, but I really wanted to know just any other thing I should think about as I try to get this figured out.

MS. SHIRINIAN: I've never had students complain about me, that I'm aware of. My colleagues like and respect me. I have good relationships with staff on this campus. I believe I'm a valued member of this campus. I don't think that I've disrupted anything. I don't think that faculty or students believe that I disrupted anything. So I'm, again, very confused.

CHANCELLOR PLOWMAN: Yeah, trying to figure it out, yeah.

MS. SHIRINIAN: Very confused.

CHANCELLOR PLOWMAN: You know, at that point in time, it was trying to -- well, again, I don't want to defend what I did, but I was thinking about, could this disrupt the University, so that kind of relates to that part of it. It wasn't about had there been a disruption. It was, could there be one. So I mean, there's just a lot of different ways to look at it, but my

responsibility is the whole University, but I want to do what's right, and so that's partly why we're here. I want to make sure that whatever I decide to do, that it's the right thing for the University and it's -- I know this has been painful and I regret that. So I appreciate you coming in here, and if there's just anything else, I want you to have the opportunity to say it and she's going to write it down. Thank you, Sara.

MS. SHIRINIAN: Will there -- if this leads to termination, will there be a post-termination process?

CHANCELLOR PLOWMAN: Yes, yes, as it's outlined in wherever it's outlined, the policy or the handbook. I don't remember where it's at, but yeah.

MS. SHIRINIAN: The way that it's outlined in the faculty handbook has already been bypassed, and so I'm not --

CHANCELLOR PLOWMAN: Not the post-termination.

MS. SHIRINIAN: Post-termination, but the post-termination is overseen by the

Chancellor, which is you, because termination is evoked by the Provost.

CHANCELLOR PLOWMAN: It starts there, but the final decision is mine and that's why I did what I did, not to include all of those other people between me and them. So the final decision on termination is the decision of the Chancellor. So if there is termination, we will follow the post-termination process, which I'm not all that expert at it, but I think there are a couple of options I think it gives you to pursue and we'll do that. Okay.

MS. SHIRINIAN: Okay.

CHANCELLOR PLOWMAN: All right. Thank you for coming in.

MS. SHIRINIAN: Thank you.

END OF MEETING

REPORTER'S CERTIFICATE

STATE OF TENNESSEE:

COUNTY OF KNOX:

I, Sara M. Smith, LCR #258, Licensed Court Reporter, in and for the State of Tennessee, do hereby certify that the above meeting was reported by me and that the foregoing 14 pages of the transcript are a true and accurate record, to the best of my knowledge, skills, and ability.

I further certify that I am not related to nor an employee of counsel or any of the parties, nor am I in any way financially interested in the outcome of this case.

I further certify that I am duly licensed by the State of Tennessee as a Licensed Court Reporter, as evidenced by the LCR number and expiration date following my name below.

Sara Smith

Sara M. Smith, LCR #258
Expiration Date 6/30/2026

**EXHIBIT**

**B**

Plowman X Posts_9-15-25.png

**Donde Plowman**
@DondePlowman

I have initiated termination proceedings against a faculty member for endorsing violence and murder on social media.
Violence on a university campus wounds the heart of our academic mission, and no statements endorsing a campus shooting can be acceptable to an institution. 1/4

81 · 101 · 2.1K · Sep 15, 2025 · **176.3K** Views

**Donde Plowman** @DondePlowman · Sep 15
All of us must recognize that when we speak, and certainly when we speak on social media, our words have broader impact. Teaching and shaping the lives of young people is core to the mission of the University of Tennessee, Knoxville. 2/4

1 · 10 · 235

**Donde Plowman** @DondePlowman · Sep 15
We all share the responsibility as the educators of America's future leaders to make sure students have a healthy educational environment in which to learn, wrestle with difficult issues, and express themselves civilly. We all take that responsibility seriously. 3/4

3 · 8 · 221

**Donde Plowman** @DondePlowman · Sep 15
I appreciate our dedicated faculty and staff who work hard every day to create an atmosphere for our students that is healthy, challenging and supportive. 4/4

5 · 8 · 236