Bigelow Legal, PLLC
4235 Hillsboro Pike, Suite 301
Nashville, TN 37215
(615) 829-8986
rbigelow@bigelowlegal.com

April 22, 2026

**MEET AND CONFER LETTER RE: PLOWMAN DISCOVERY RESPONSES**

Mike,

Judge Crytzer recently ruled:

> The discovery rules exist to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958) (citation omitted).

*Collins v. Claiborne Cnty.,* 2026 U.S. Dist. LEXIS 9550, *5.

Defendants' responses are grossly insufficient, inconsistent with the Federal Rules of Civil Procedure, and completely fail to meaningfully engage with the substance of the requests in any meaningful manner.

Before addressing each request individually, several overarching deficiencies must be noted:

**1. Boilerplate Objections Are Improper**

In nearly every response Defendants claim "vague, ambiguous, overbroad" as an objection without explanation. Nothing asked was vague, ambiguous or overbroad, as the terms were fully defined and the timeframe is relatively limited.

**2. Defendants Claim that the Responsive Documents "Have Already Been Produced" is Completely Insufficient**

Defendant repeatedly asserts that responsive documents have "already been produced," but never identifies what production is being referenced.

Based on Defendants' own representations, the only production appears to be a 3,000+ page document dump generated in response to public records requests by someone else (not Plaintiff) in Fall of 2025 and later recycled as initial disclosures.

That is not a Rule 26 or Rule 34 production.

The public records production was not made in response to a request from the Plaintiff or for purposes of litigation. It was:

- was created for a different purpose,
- was subject to statutory redactions (including donor identities), and
- was not collected, reviewed, or produced based on the claims and defenses in this litigation.

Defendant has not identified:

- any custodians searched,
- any search terms used,
- any systems or devices reviewed, or
- any targeted collection of responsive materials.

***In other words, Defendant has not conducted a litigation search. Instead, Defendant has recycled a public records production and left Plaintiff to guess what, if anything, is responsive to specific requests. That is not compliant with Rule 34.***

Defendant Plowman must:

1. Identify all productions being referenced;
2. Confirm whether any litigation-specific search was conducted; and
3. Produce documents responsive to each request based on a reasonable, targeted search.

**3. Failure to State Whether Documents Are Being Withheld**

Rule 34(b)(2)(C) requires Defendants to state whether responsive materials are being withheld on the basis of objections.

These responses uniformly fail to do so.

4. **"Reasonable Diligence" Representation Is Insufficient**

The statement that documents were produced after a "reasonable search" is not a substitute for identifying custodians, describing search methodology, or confirming completeness.

***What follows is a request-by-request explanation of the deficiencies and what is required to cure them. Plaintiff's responses are in bold. Your client had 30 days to gather information and respond. She has produced essentially nothing other than a transcript that was given to her by a Court reporter.***

***Please provide full and complete responses by Wednesday, April 29th or Plaintiff will be forced to turn to the Court and file yet another Motion to Compel.***

REQUEST NO. 1: Produce all documents sufficient to identify each person who participated in, influenced, recommended, approved, or ratified any Decision relating to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The objection is not well-founded, and no substantive response was provided.**

**Please identify all individuals who participated in, influenced, recommended, approved, or ratified any decision relating to Plaintiff via producing documents sufficient to reflect that involvement.**

REQUEST NO. 2: Produce all documents sufficient to show when the Decision to place Plaintiff on administrative leave was first considered, discussed, or made.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**These are straightforward timeline requests. No information was provided. Please produce documents sufficient to show when these decisions were first considered, discussed, and made.**

REQUEST NO. 3: Produce all documents sufficient to show when the Decision to pursue termination of Plaintiff was first considered, discussed, or made.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**These are straightforward timeline requests. No information was provided.**

**Please produce documents sufficient to show when these decisions were first considered, discussed, and made.**

REQUEST NO. 4: Produce all documents reflecting information presented to YOU prior to any Decision relating to Plaintiff, including but not limited to summaries, briefings, emails, or communications prepared by others.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant Plowman further objects to this request as calling for information protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving those objections, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence. Privileged documents responsive to this request are being withheld and have been identified on the privilege log previously produced to Plaintiff on or about March 20, 2026 (the "Privilege Log") pursuant to Fed. R. Civ. P. 26(b)(5)(A). Defendant Plowman met with Plaintiff on February 4, 2026, wherein information was presented by Plaintiff. A copy of the transcript

from the conversation is attached hereto as Exhibit 1.

**You assert privilege but do not identify what is being withheld.**

**Please:**

- **confirm whether documents are being withheld,**
- **produce all non-privileged materials, and**
- **provide a privilege log that identifies the specific legal advice at issue.**

REQUEST NO. 5: Produce all documents reflecting the reasons for any Decision relating to Plaintiff, including any changes, additions, or modifications to those reasons over time.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant Plowman further objects to this request as calling for information protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving those objections, Subject to and without waving those objections, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence. Privileged documents responsive to this request are being withheld and have been identified on the Privilege Log pursuant to Fed. R. Civ. P. 26(b)(5)(A).

**This request goes directly to Defendants' stated rationale and any evolution of that rationale. Please produce all documents reflecting the reasons for the decision, including drafts and revisions, and clarify what is being withheld.**

REQUEST NO. 6: Produce all Communications between YOU and any Political Actor relating to Plaintiff or her speech.

RESPONSE: Defendant Plowman objects to this request on the grounds that the terms "Communications" and "Political Actor," as defined by Plaintiff, render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence, and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The vagueness objection is not sustainable given the definition provided.**

**As defined, "Communication" means any transmission of information in any form, whether formal or informal, including but not limited to emails, text messages (SMS, iMessage ), encrypted messaging applications (including Signal, WhatsApp, Telegram), Slack, Microsoft Teams, social media messaging, handwritten notes, call logs, voicemail, drafts, talking points, and any communication conveyed through intermediaries or third parties. It includes associated metadata sufficient to identify sender, recipient(s), date, time, and method of transmission.**

**"Political Actor" includes any elected official, candidate, legislative staffer, or government official-including but not limited to Tennessee State Representatives (including Rep. Chris Todd), Members of the United State House of Representatives (including Rep. Tim Burchett) and Members of the United States Senate (including Senator Marsha Blackburn), and Tennessee Governor Bill Lee. This includes any communication made directly or indirectly through intermediaries, staff, or third parties acting on behalf of such individuals, as well as any communication conveyed through media appearances, public statements, or communications reasonably understood to be directed at UTK or its leadership.**

**Please produce all communications with elected officials or political actors relating to Plaintiff, including internal discussions of those communications.**

REQUEST NO. 7: Produce all documents reflecting any Communication from a Political Actor-whether direct or relayed through an intermediary-concerning Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that the terms "Communications" and "Political Actor" and the phrase "direct or relayed through an intermediary" render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The vagueness objection is not sustainable given the definition provided.**

**"Communication" means any transmission of information in any form, whether formal or informal, including but not limited to emails, text messages (SMS, iMessage ), encrypted messaging applications (including Signal, WhatsApp, Telegram), Slack, Microsoft Teams, social media messaging, handwritten notes, call logs, voicemail, drafts, talking points, and any communication conveyed through intermediaries or third parties. It includes associated metadata sufficient to identify sender, recipient(s), date, time, and method of transmission.**

**"Political Actor" includes any elected official, candidate, legislative staffer, or government official-including but not limited to Tennessee State Representatives (including Rep. Chris Todd), Members of the United State House of Representatives (including Rep. Tim Burchett) and**

**Members of the United States Senate (including Senator Marsha Blackburn), and Tennessee Governor Bill Lee. This includes any communication made directly or indirectly through intermediaries, staff, or third parties acting on behalf of such individuals, as well as any communication conveyed through media appearances, public statements, or communications reasonably understood to be directed at UTK or its leadership.**

**"Direct or relayed through an intermediary" is fairly simple and should be understood by the Chancellor.**

**Please produce all communications with elected officials or political actors relating to Plaintiff, including internal discussions of those communications.**

REQUEST NO. 8: Produce all documents reflecting any request, suggestion, recommendation, directive, or expectation from any Political Actor regarding discipline of Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that the terms "Political Actor," "suggestion," and "expectation" render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The vagueness objection is not sustainable given the definition provided.**

**"Political Actor" includes any elected official, candidate, legislative staffer, or government official-including but not limited to Tennessee State Representatives (including Rep. Chris Todd),**

**Members of the United State House of Representatives (including Rep. Tim Burchett) and Members of the United States Senate (including Senator Marsha Blackburn), and Tennessee Governor Bill Lee. This includes any communication made directly or indirectly through intermediaries, staff, or third parties acting on behalf of such individuals, as well as any communication conveyed through media appearances, public statements, or communications reasonably understood to be directed at UTK or its leadership.**

**The words "suggestion" and "expectation" are fairly simple and easily understood.**

**Please produce all communications with elected officials or political actors relating to Plaintiff, including internal discussions of those communications.**

REQUEST NO. 9: Produce all documents reflecting any response by YOU or UTK to any Political Actor concerning Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that the term "Political Actor" renders this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The vagueness objection is not sustainable given the definition provided.**

**"Political Actor" includes any elected official, candidate, legislative staffer, or government official-including but not limited to Tennessee State Representatives (including Rep. Chris Todd),**

**Members of the United State House of Representatives (including Rep. Tim Burchett) and Members of the United States Senate (including Senator Marsha Blackburn), and Tennessee Governor Bill Lee. This includes any communication made directly or indirectly through intermediaries, staff, or third parties acting on behalf of such individuals, as well as any communication conveyed through media appearances, public statements, or communications reasonably understood to be directed at UTK or its leadership.**

**Please produce all communications with elected officials or political actors relating to Plaintiff, including internal discussions of those communications.**

REQUEST NO. 10: Produce all documents reflecting Communications with any Donor relating to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that the terms "Communications" and "Donor," as defined by Plaintiff, render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman objects, generally, to this request in that it calls for her to produce documents that would reveal the identity of University donors, which is for the purpose of annoyance, embarrassment, and/or oppression and is therefore outside the scope of permissible discovery under Fed. R. Civ. P. 26(c)(1). Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**As defined, "Communication" means any transmission of information in any form, whether formal or informal, including but not limited to emails, text messages (SMS, iMessage ),**

**encrypted messaging applications (including Signal, WhatsApp, Telegram), Slack, Microsoft Teams, social media messaging, handwritten notes, call logs, voicemail, drafts, talking points, and any communication conveyed through intermediaries or third parties. It includes associated metadata sufficient to identify sender, recipient(s), date, time, and method of transmission.**

**"Donor" means any individual or entity that has made, pledged, or been solicited for financial contributions to UT.**

**The refusal to produce donor-related information based on "annoyance" or "embarrassment" is not a valid basis to withhold relevant discovery.**

**Please produce:**

- **communications with donors relating to Plaintiff, and**
- **documents reflecting concerns about donations or funding**

REQUEST NO. 11: Produce all documents reflecting any concern regarding potential loss of donations, funding, or financial support relating to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendants further object to the production of any documents that would reveal the identity of University donors. Moreover, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she has been able to locate after reasonable diligence and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The refusal to produce donor-related information based on "annoyance" or "embarrassment" is not a valid basis to withhold relevant discovery.**

**Please produce:**

- **communications with donors relating to Plaintiff, and**
- **documents reflecting concerns about donations or funding**

REQUEST NO. 12: Produce all documents reflecting any Communication in which Plaintiffs situation was discussed in terms of "reputation," "brand," "public relations," or financial risk.

RESPONSE: Defendant Plowman objects to this request on the grounds that the terms "Communication" and "Plaintiff's situation" render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, and after a reasonably diligent search, Defendant Plowman has been unable to locate any responsive, non-privileged documents in her possession. Further, and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**As defined, "Communication" means any transmission of information in any form, whether formal or informal, including but not limited to emails, text messages (SMS, iMessage ), encrypted messaging applications (including Signal, WhatsApp, Telegram), Slack, Microsoft Teams, social media messaging, handwritten notes, call logs, voicemail, drafts, talking points, and any communication conveyed through intermediaries or third parties. It includes associated metadata sufficient to identify sender, recipient(s), date, time, and method of transmission.**

**Plaintiff's situation related to her suspension and later termination.**

**You state that no documents exist.**

**Please confirm the custodians searched and scope of the search, and supplement if any responsive materials exist.**

REQUEST NO. 13: Produce all documents reflecting Escalation of complaints,

communications, or concerns relating to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that the term "Escalation," as defined by Plaintiff, renders this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has been unable to locate any responsive, non-privileged documents in her possession after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding information based on the foregoing objections.

**Same issue. The responses indicate no documents, which is difficult to reconcile with the nature of the events.**

**"Escalation", as defined, means any act of forwarding, summarizing, relaying, prioritizing, or otherwise elevating information, complaints, concerns, or communications within UTK, UT, or to YOU.**

**Please confirm the scope of the search and supplement as appropriate.**

REQUEST NO. 14: Produce all documents reflecting how complaints or Communications about Plaintiff were tracked, categorized, summarized, or prioritized.

RESPONSE: Defendant Plowman objects to this request on the grounds that the use of the terms "Communications," as defined by Plaintiff, and "tracked, categorized, summarized, or prioritized," render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Moreover, Defendant Plowman has been unable to locate any responsive, non-privileged documents in her possession after a reasonably diligent search.

**Same issue. The responses indicate no documents, which is difficult to reconcile with the nature of the events.**

**Please confirm the scope of the search and supplement as appropriate.**

REQUEST NO. 15: Produce all summaries, dashboards, reports, or analytics reflecting public reaction to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that it vague, ambiguous, and overbroad. Further, Defendant Plowman could locate no responsive, nonprivileged documents in her possession after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**Same issue. The responses indicate no documents, which is difficult to reconcile with the nature of the events. Please confirm the scope of the search and supplement as appropriate.**

REQUEST NO. 16: Produce all documents reflecting any investigation into Plaintiff prior to any Decision.

RESPONSE: Defendant Plowman objects to this request on the grounds that the use of the term "Decision," as defined by Plaintiff, renders this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she was able to locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**Please confirm whether any investigation occurred prior to the Chancellor's decision to 1) suspend and 2) terminate Plaintiff. Produce all related documents. If none exist, please state that clearly.**

REQUEST NO. 17: Produce all documents sufficient to identify any actual disruption attributed to Plaintiff prior to discipline.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents in her possession that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**This request goes directly to Defendants' asserted justification.**

**Please produce documents sufficient to identify any actual disruption, or confirm that none exists.**

REQUEST NO. 18: Produce all documents reflecting any consultation with campus police, safety officials, or threat assessment personnel prior to discipline.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**Please confirm whether any such consultation occurred and produce all related documents.**


Case 3:25-cv-00528-KAC-JEM Document 63-5 Filed 04/23/26 Page 15 of 27
PageID #: 2480

REQUEST NO. 19: Produce all documents reflecting any threat assessment conducted prior to discipline.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**Please confirm whether any threat assessment was conducted and produce all related documents.**

REQUEST NO. 20: Produce all documents reflecting any discussion of Plaintiffs viewpoint, message, or perceived morality.

RESPONSE: Defendant Plowman objects to this request on the grounds that the lack of a temporal limitation and the use of "viewpoint, message, or perceived morality" render this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**Please produce documents reflecting any discussion of Plaintiff's viewpoint or message.**

REQUEST NO. 21: Produce all documents containing references to Plaintiffs speech as "offensive," "reprehensible," "inappropriate," or similar characterizations.

RESPONSE: Defendant Plowman objects to this request on the grounds that the lack of a temporal limitation and the use of "Plaintiff's speech" render the request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**Please produce documents containing references to Plaintiff's speech as offensive, reprehensible, inappropriate, or similar from September of 2025 to March 30, 2025.**

REQUEST NO. 22: Produce all documents sufficient to identify any Comparator Incident.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. The term "Comparator Incident" is not sufficiently definite for Defendant Plowman to formulate a response. Moreover, Defendant Plowman has produced all responsive, non-privileged documents in her possession that she could locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**Your objection that "Comparator Incident" is vague is not well-founded. The term is defined in the Requests and, in any event, is readily understandable in the context of this case—i.e., other incidents involving faculty speech or conduct used for comparison.**

**"Comparator Incident" means any instance involving a UTK faculty member, employee, or student engaging in speech that was controversial, offensive, political, or generated public reaction, regardless of whether discipline was imposed.**

**More importantly, your response states that documents were produced based on a "good-faith understanding" of the request, which confirms that the request is in fact understandable.**

**Please supplement by identifying all incidents you contend are comparator situations and produce documents sufficient to identify those incidents.**

REQUEST NO. 23: Produce all documents reflecting how UTK responded to any Comparator Incident, including whether discipline was imposed.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. The term "Comparator Incident" is not sufficiently definite for Defendant Plowman to formulate a response. Moreover, Defendant Plowman has produced all responsive, non-privileged documents in her possession that she could locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**This request is derivative of Request No. 22. The same deficiency applies.**

**As defined, "Comparator Incident" means any instance involving a UTK faculty member, employee, or student engaging in speech that was controversial, offensive, political, or generated public reaction, regardless of whether discipline was imposed.**

**If Defendants contend no comparator incidents exist, that position should be stated clearly. Otherwise, responsive documents must be produced.**

**Please supplement by producing documents reflecting how UTK responded to any comparator incidents, including discipline or lack thereof.**



Case 3:25-cv-00528-KAC-JEM Document 63-5 Filed 04/23/26 Page 18 of 27 PageID #: 2483

REQUEST NO. 24: Produce all Communications between YOU and any member of the UT Board of Trustees relating to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that the use of the term "Communications" renders this request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The objection to the term "Communications" is not sustainable given that it is expressly defined in the Requests. More significantly, the assertion that no responsive documents exist is difficult to reconcile with the record, which reflects Board involvement.**

**Please confirm:**

- **the custodians searched (including whether Board-related accounts and devices were included), and**
- **whether text messages, calls, or other non-email communications were searched**

**and supplement the response as necessary.**

REQUEST NO. 25: Produce all documents reflecting any briefing, update, or consultation with the Board regarding Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The representation that no responsive documents exist requires clarification. This request is narrowly directed to whether the Board was briefed or consulted regarding Plaintiff—an issue central to governance and ratification.**

**Please confirm whether:**

- **any briefings, updates, or consultations occurred, and**
- **if so, produce documents reflecting those communications**

**If none exist, please state that clearly.**

REQUEST NO. 26: Produce all Communications with PR, communications, or marketing personnel relating to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that the absence of a temporal limitation and the use of the term "Communications," as defined by Plaintiff, render this Request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The objection based on lack of temporal limitation is not persuasive given the clearly defined timeframe of the case.**

**Further, the representation that all responsive documents have been produced requires clarification given the involvement of communications personnel.**

**Please:**

- **identify the custodians searched (including communications and marketing personnel), and**
- **confirm the scope of the search**

**and supplement if any responsive documents exist.**

REQUEST NO. 27: Produce all drafts of any public or private statements relating to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that the absence of a temporal limitation and the use of "public or private statements" render this Request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The assertion that no responsive documents exist is difficult to reconcile with the existence of public statements and messaging activity reflected in the record and that the Chancellor understands the meaning of public or private statements.**

**Draft statements are routinely generated in situations of this nature.**

**Please confirm:**

- **whether draft statements existed at any point, and**
- **if so, produce them**

**If Defendants contend no drafts exist, please state that unequivocally.**

REQUEST NO. 28: Produce all documents reflecting any concern regarding litigation risk, constitutional issues, or First Amendment implications.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant Plowman further objects to the extent this request calls for her to produce materials or information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search.

Privileged documents responsive to this request are being withheld and have been identified on the Privilege Log pursuant to Fed. R. Civ. P. 26(b)(5)(A).

**This response improperly conflates relevance and privilege.**

**To the extent documents reflect business, policy, or risk considerations (including constitutional concerns), they are not privileged merely because counsel was involved.**

**Further, the response does not identify what is being withheld.**

**Please:**

1. **Produce all non-privileged documents reflecting litigation risk or constitutional concerns;**
2. **Identify with specificity any documents withheld on privilege grounds; and**
3. **Clarify whether any such non-privileged documents exist.**

REQUEST NO. 29: Produce all Communications concerning Plaintiff from any personal device, personal account, or encrypted application.

RESPONSE: Defendant Plowman objects to this request on the grounds that the absence of a temporal limitation and the use of "Communications," as defined by Plaintiff, render the request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Defendant Plowman further objects to the extent this request calls for her to produce materials or information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Posts made to Defendant Plowman's X account on September 15, 2025, which mirror her e-mail message sent from her official Office of the Chancellor account that same date, which was previously produced, are attached hereto as Exhibit 2 (bates-numbered UT_3730).

**The response is incomplete.**

**While reference is made to an X post, the request is broader and seeks communications from:**

- **personal devices,**
- **personal accounts, and**
- **encrypted platforms**

**Please confirm:**

- **whether personal devices and accounts were searched;**
- **whether text messages and messaging applications were searched; and**
- **whether any responsive materials exist beyond the referenced X post**

**and supplement as necessary.**

REQUEST NO. 30: Produce all documents reflecting any litigation hold or preservation instruction relating to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that it calls for information protected by the attorney-client privilege. No non-privileged documents responsive to this request have been identified, and all privileged documents are being withheld and have been identified on the Privilege Log pursuant to Fed. R. Civ. P. 26(b)(5)(A).

**The blanket assertion of privilege is not appropriate.**

**The existence of a litigation hold and the fact of preservation instructions are not privileged.**

**Please:**

- **confirm whether any litigation hold or preservation instruction was issued; and**
- **produce all non-privileged documents reflecting such instructions**

REQUEST NO. 31: Produce all documents reflecting retention or deletion settings for any communication platform used by YOU.

RESPONSE: Defendant Plowman objects to this request on the grounds that the absence of a temporal limitation and the use of "any communication platform" render this Request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search.

**The response provides no meaningful information.**

**This request goes directly to preservation and completeness.**

**Please produce documents sufficient to identify retention or deletion settings for any communication platforms used, or confirm that no such documents exist.**

REQUEST NO. 32: Produce all documents reflecting any deletion, loss, or destruction of documents relating to Plaintiff.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman could locate no responsive, non-privileged documents in her possession after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The response relies on generalized objections and does not clearly state whether any deletion or loss occurred.**

**Please confirm whether any documents were deleted, lost, or destroyed and produce all documents reflecting such events.**

REQUEST NO. 33: Produce all documents sufficient to show a complete timeline of events from September 10-16, 2025.

RESPONSE: Defendant Plowman objects to this request on the grounds that is overbroad and the term "timeline" is unclear. Moreover, Defendant Plowman is not aware of any such documents in existence. All documents containing information about all actions during the relevant time period have already been produced in this lawsuit and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The objection that "timeline" is unclear is not well-founded. The request seeks documents sufficient to reconstruct the sequence of events over a relatively short period of time.**

**The statement that no such documents exist requires clarification.**

**Please confirm whether any documents exist that reflect the sequence of events during these periods and produce documents sufficient to establish that timeline.**

REQUEST NO. 34: Produce all documents sufficient to show a complete timeline of events from January 20-February 24, 2026.

RESPONSE: Defendant Plowman objects to this request on the grounds that is overbroad and the term "timeline" is unclear. Moreover, Defendant Plowman is not aware of any such documents in existence. All documents containing information about all actions during the relevant time period have already been produced in this lawsuit, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The objection that "timeline" is unclear is not well-founded. The request seeks documents sufficient to reconstruct the sequence of events over a relatively short period of time, which is defined.**

**The statement that no such documents exist requires clarification.**

**Please confirm whether any documents exist that reflect the sequence of events during these periods and produce documents sufficient to establish that timeline.**

REQUEST NO. 35: Produce all documents reflecting any request, suggestion, recommendation, directive, or expectation from any third party that Plaintiff be disciplined, removed, or terminated.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**This request goes directly to motive. The response states that documents have been produced but does not identify scope or completeness. Please confirm that all documents reflecting any request, suggestion, or pressure from third parties have been produced, including communications from donors, legislators, and others.**

REQUEST NO. 36: Produce all documents reflecting any response to such third-party requests.

RESPONSE: Defendant Plowman objects to this request on the grounds that it is vague, ambiguous, and overbroad. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search, and Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**This request is directly tied to Request No. 35.**

**Please produce all documents reflecting any response to third-party communications regarding Plaintiff, including internal discussions and external replies.**

REQUEST NO. 37: Produce all documents giving you the authority for your due process actions under University policies and procedures.

RESPONSE: Defendant Plowman objects to this request on the grounds that the use of "your due process actions" renders the request vague, ambiguous, overbroad, unduly burdensome, and disproportional. Further, Defendant Plowman has already produced all responsive, non-privileged documents that she was able to locate after a reasonably diligent search and based on her good-faith understanding of the request, Defendant Plowman is not knowingly withholding responsive materials based on the foregoing objections.

**The objection that "your due process actions" is vague is not persuasive. This request seeks the policies or documents Defendants relied upon.**

**Please produce documents sufficient to identify the policies, procedures, or authority relied upon in taking the actions at issue.**

I look forward to a complete set of responses one week from today.

Sincerely,

Robb Bigelow