**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **TAMAR SHIRINIAN** | ) | |
| | ) | |
| ***Plaintiff*,** | ) | **Civil Action No. 3:25-cv-528-KAC-JEM** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Crytzer** |
| **DONDE PLOWMAN, et al.** | ) | **Magistrate Judge McCook** |
| **in their personal and official capacities** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| ***Defendants.*** | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

This two-page Reply briefly addresses why Defendants' Response (Doc. 65) is without merit.

## I. The Donor's Identity is Clearly Relevant and Discoverable

First, Defendants want this Court to believe that while the "donor expressed that plaintiff did not deserve to be employed at UTK" (Doc. 65 at 2) and mentioned a $10,000,000+ donation they were planning to give, it was not a threat. Such a position is non-sensical. As this Court knows, a threat does not have to explicitly state "THIS IS A THREAT."

Second, while Chancellor Plowman may have already placed Plaintiff on administrative leave *before* learning about the donor's email, ***she continued to keep Plaintiff on leave and ultimately terminated Plaintiff <u>after</u> learning about the threat***. Chancellor Plowman does not have to admit that such a threat influenced her. Instead, a jury can decide such matters of credibility for themselves.

Third, Plaintiff's purpose is not to embarrass the donor or annoy the university. The unnamed donor chose to make a written threat to influence UTK and help determine Plaintiff's employment status. Not providing their identity shields them from valid state-law claims and sets up a system where the rich get to dictate who is fired at public universities, regardless of the Constitution.

## II. Counsel's Non-Legal Advice is Not Shielded from Privilege

The actions taken by Defendants, *with the help of their counsel*, were not legal and Plaintiff is not seeking *legal* advice. While certainly not a criminal "crime fraud" exception, counsels' actions and advice constitute a civil crime-fraud exception. Plaintiff contends that counsel recognized that Defendants' actions were in violation of the Constitution ***yet helped further the violations by aiding with a media and social media blitz that defamed the Plaintiff-- knowingly making it seem like she was endorsing or advocating for violence when she was not (and also providing a sham of a "Constitutional defense").***

Unlike the cases cited by Defendant, this case involves whether Plaintiff's speech was protected under the First Amendment. It does not involve the commercial transactions or operations of a business in a corporate setting. Once the Chancellor decided what to do (on her own), claiming that counsel gave further legal advice *after* that decision is disingenuous.

Respectfully Submitted,

/s/ Robert C. Bigelow, Esq.
Robert C. Bigelow, Esq. #022022
Bigelow Legal, PLLC
4235 Hillsboro Pike, Suite 301
Nashville, TN 37215
(615) 829-8986
rbigelow@bigelowlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2026, a copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

/s/ Robert C. Bigelow
Robert C. Bigelow #022022
Bigelow Legal, PLLC
4235 Hillsboro Pike, Suite 301
Nashville, TN 37215
rbigelow@bigelowlegal.com
(615) 829-8986