UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TAMAR SHIRINIAN, )
)
Plaintiff, )
)
v. )          No. 3:25-CV-528-KAC-JEM
)
DONDE PLOWMAN, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 58]. Defendants responded in opposition to the motion [Doc. 61], and Plaintiff replied [Doc. 62]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.2(a).

For the reasons explained below, the Court **GRANTS IN PART AND DENIES AS MOOT IN PART** Plaintiff's Motion for Leave to File Second Amended Complaint [**Doc. 58**].

## I.      BACKGROUND

Plaintiff initiated this action alleging the Defendants, the University of Tennessee Knoxville ("UT"), Donde Plowman, Randy Boyd, and Charles Noble, "have violated and continue to violate [her] First Amendment constitutional rights by retaliating against her as a professor in a public university for expressing political speech in a purely personal capacity" [Doc. 1 p. 1]. She asserted claims of retaliation for private political speech under 42 U.S.C. § 1983 against the Defendants in both their official and individual capacities [*Id.* at 36–38].

Plaintiff filed an Amended Complaint following a pretrial conference before the District Judge [Docs. 24 & 25]. The Amended Complaint includes four claims under § 1983, including two claims of retaliation for private political speech and two claims for viewpoint discrimination [Doc. 25 pp. 42–46].

Plaintiff now seeks to amend the Amended Complaint to assert new claims and name new defendants [Doc. 58]. In the proposed Second Amended Complaint ("Proposed Complaint"), Plaintiff removes as defendants the University of Tennessee and Charles Noble and adds as defendants Ryan Stinnett, Cynthia Moore, John C. Compton, Chris Todd, Timothy Burchett, and John Doe #1 [Doc. 58-1 p. 1]. Plaintiff also removes her claims of retaliation for private political speech and adds six new claims for relief: procedural due process under § 1983, defamation, defamation per se, false light invasion of privacy, tortious interference with business relationship, and inducement or procurement of breach of contract [*Id.* at 30–40]. In support of her request, Plaintiff argues that since the filing of this action, "the parties have engaged in discovery, including the production of documents and sworn testimony of key decision-makers, as well as legislators, and the plaintiff herself," which has developed the record about who participated in the challenged actions, what information was considered at the time of the decision, the basis for the actions, and the absence of any contemporaneous safety or disruption analysis [Doc. 58 p. 3]. According to Plaintiff, the amendment "streamlines [the] action in two important ways": (1) "it focuses the claims on the core constitutional theory fully supported by the developed record[,]" and (2) "[it] limits the defendants to those for whom discovery has produced concrete evidence of direct personal involvement in the decision-making process and individuals who significantly influenced the decision, defamed Plaintiff, and tortiously interfered with her employment with [the University of Tennessee Knoxville]" [*Id.* at 4]. She further claims the proposed amendment is timely and that

2

Defendants will not suffer undue prejudice because they are already aware of the facts and have been litigating the issues presented [*Id.* at 3–4].

Defendants oppose Plaintiff's request to amend [Doc. 62]. They state the Court should deny Plaintiff's motion to amend because it is futile and the new claims she asserts would not survive a motion to dismiss [*Id.* at 2; *see generally id.* at 2–20].

Plaintiff replies that Defendants do not identify any delay, bad faith, or prejudice, so the only issue is futility [Doc. 62 p. 1]. But Plaintiff states that Defendants do not argue she fails to plead her claims; rather, Defendants improperly ask the Court to resolve disputed facts and weigh competing evidence [*Id.*].

## II.     ANALYSIS

In reviewing motions to amend under Federal Rule of Civil Procedure 15, courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) ("[T]he case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" (quoting *Janikowski v. Bendix Corp.,* 823 F.2d 945, 951 (6th Cir. 1987))). "The decision as to whether justice requires [an] amendment is committed to the district court's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citations omitted). Despite the liberality of Rule 15(a)(2), a court may deny a motion to amend if the court finds "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of the amendment." *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3

Defendants challenge Plaintiff's proposed amendment only on futility grounds [Doc. 61 p. 2]. An amendment is futile if it would not withstand a motion to dismiss under Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true,[1] draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The party (or parties) opposing the motion to amend a pleading bears the burden of establishing that the proposed amendment would be futile." *Runser v. City of Dayton*, No. 3:21-cv-160, 2021 WL 5630735, at *2 (S.D. Ohio Dec. 1. 2021) (citing *White v. Emergency Med. Billing & Coding Co.*, No. 11-14207, 2013 U.S. Dist. LEXIS 122293, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting supporting authority)).

---

[1] Before turning to whether the proposed amendments are futile, the Court emphasizes the scope of its inquiry. Plaintiff argues that "Defendants rely on deposition testimony, advance competing factual narratives, and ask the Court to credit their version of events over Plaintiff's well-pleaded allegations" [Doc. 62 p. 4]. Given the standard of review, the Court agrees it would be inappropriate for the Court to review anything outside the four corners of the Proposed Complaint. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Union Ins. Co. v. Delta Casket Co., Inc.*, No. 06-2090, 2009 WL 10664832, at *8 (W.D. Tenn. July 9, 2009) ("Whether the factual record will support these allegations is not an appropriate inquiry at the motion to amend stage. The Court need only determine whether Plaintiff has made allegations that could support [the proposed claim] and withstand a Rule 12(b)(6) motion to dismiss.").

4

### A.     First Amendment Viewpoint Discrimination

Plaintiff proposes a claim for First Amendment viewpoint discrimination under 42 U.S.C. § 1983 against Plowman in her official capacity for prospective relief and against Plowman, Boyd, Stinnett, Moore, and Compton in their individual capacities [Doc. 58-1 ¶¶ 229–53].

To plead a § 1983 claim, Plaintiff must include sufficient facts to plausibly allege "that a person acting under color of state law deprived [her] of a right secured by the Constitution or laws of the United States." *Sexton v. Cernuto*, 18 F.4th 177, 184 (6th Cir. 2021) (alteration in original) (quoting *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006)). Plaintiff must allege a "causal connection between the [official's] actions and the alleged constitutional violation." *Frenchko v. Monroe*, 160 F.4th 784, 800 (6th Cir. 2025) (alteration in original) (quoting *Sexton v. Cernuto*, 18 F.4th 177, 185 (6th Cir. 2021)). In other words, at the pleading phase, Plaintiff must plead facts to show that the defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." *Sexton*, 18 F.4th at 185 (quoting *Doe v. Claiborne Cnty.*, 103 F.3d 495, 511 (6th Cir. 1996)).

Defendants argue that the claim against Compton, the Chair of the UT Board of Trustees (the "Board"), is futile for several reasons. Defendants first contend Plaintiff cannot maintain a claim for monetary damages against Compton in his individual capacity and that § 1983 is an inappropriate claim against Compton because he cannot be acting under the "color of law" when he has no supervisory responsibilities [Doc. 61 pp. 2–3]. Even if he had individual supervisory authority, Defendants state that Plaintiff's claim still fails because she cannot assert *respondeat superior* against Government officials [*Id.* at 3–4]. Defendants argue that, to state a claim, Plaintiff must show the supervisor actively participated in or encouraged or condoned actions of the

subordinate because government officials cannot be liable unless they encouraged a specific incident of misconduct or otherwise directly participated [*Id.* at 4–5].

In arguing Plaintiff's claim against Compton is futile, Defendants rely on facts outside of the Proposed Complaint [*See* Doc. 61 pp. 2–7]. Defendants do however argue that Plaintiff does not allege any "active unconstitutional behavior" by Compton or the Board and failure to act does not create liability [*Id.* at 8 (citing cases)]. But Plaintiff asserts that she is not basing the claim on *respondeat superior* or vicarious liability, and she points to allegations that Compton "knowingly and directly participated in violations of Plaintiff's constitutional rights for months via his authorization, ratification, approval and acquiescence" [Doc. 62 p. 6 (citing Doc. 58-1 ¶¶ 28–30, 32, 37, 41–42, 67, 73, 104, 138, 154–65, 198, 200–02, 208–09, 218–26, 228, 233, and 237)], along with authority that liability may attach where a supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" and where "an official's failure to act after notice amounts to deliberate indifference" [*Id.* (citing cases)].

Defendants also argue the claims against UT General Counsel Ryan Stinnett ("Stinnett") and Cynthia Moore ("Moore"), counsel to the Board, are futile [Doc. 61 p. 9]. Defendants state they serve in advisory capacities and are not in the chain of command of Chancellor Plowman, who was the decision-maker in this case [*Id.*]. Defendants argue there is no authority supporting the imposition of liability on employees who merely advise the decision-maker [*Id.*]. They further contend Plaintiff does not allege misconduct by Stinnett and Moore but instead bases liability on their legal advice and failure to intervene in their clients' actions [*Id.* at 10].[2]

---

[2] Defendants cite several cases for the proposition that government attorneys performing traditional functions of counsel do not act under color of law for § 1983 purposes [Doc. 61 p. 11 n.9 (citing *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981))]. As discussed below, Plaintiff alleges Stinnett and Moore operated outside their traditional functions as an attorney, and the Supreme Court has acknowledged an attorney may be a state actor in certain situations. *Dodson*,

6

Plaintiff replies that her claims "do not involve any sort of legal advice or duty to intervene" [Doc. 62 p. 7]. Instead, Plaintiff states the Proposed Complaint alleges Stinnett and Moore "also acted as operational participants" and not in their roles as legal advisors [*Id.*]. Specifically, she points to allegations that they "draft[ed] false public statements, facilitate[ed] ad hoc process, rout[ed] communications, ratify[ed], and enabl[ed] the continuation of unconstitutional adviser actions" and "participated in drafting, approving, routing, facilitating, or ratifying the unconstitutional conduct at issue" [*Id.* (citing Doc. 58-1 ¶¶ 210–11)]. She further points to allegations that they "improperly used the shield of attorney/client privilege to withhold public relations, business-related, and non-legal advice" [Doc. 62 p. 7 (citing Doc. 58-1 ¶¶ 212–15); *see also* Doc. 58-1 ¶¶ 132, 138, 166–67].

The Court therefore finds that Defendants fail to carry their burden to show that amendment is not warranted.

## B.    Procedural Due Process

Plaintiff alleges a procedural due process claim in violation of 42 U.S.C. § 1983 [Doc. 58-1 ¶¶ 254–63]. Defendants argue the claim against Moore, Stinnett, and Compton is futile because Plaintiff pleaded no facts showing she did not receive constitutionally sufficient process [Doc. 61 p. 11]. While Defendants concede Plaintiff has a property interest in her employment with UT, Defendants argue futility because Plaintiff received notice and an opportunity to be heard and "does not specify in her complaint the process she believes she was due" [*Id.* at 12]. Plaintiff replies that she does not assert a due process claim against Moore or Compton, only Plowman in her official capacity and Plowman and Stinnett in their individual capacities, and that Defendants

---

454 U.S. at 325 (explaining the possibility that an attorney "would act under color of state law while performing certain administrative and possibly investigative functions").

mischaracterize her claim based on their sole focus on one paragraph of the Proposed Complaint while ignoring other portions that fully plead her claim [Doc. 62 pp. 7–8].

To properly plead a due process claim, a plaintiff must allege

> (1) that [she] ha[s] a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment . . . , (2) that [he] w[as] deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford [him] adequate procedural rights prior to depriving [him] of [his] protected interest.

*Peterson v. Johnson*, 87 F.4th 833, 836 (6th Cir. 2023) (citing *Gunaskera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009)) (citation modified). Defendants do not contest that Plaintiff has alleged the first element [Doc. 61 p. 12].

With respect to the other elements, Defendants argue that Plaintiff alleges "Plowman did not follow an internal policy regarding her suspension or termination, [which] does not create a constitutional claim" [Doc. 61 p. 12 (citing to ¶ 167 of the Proposed Complaint and discussing cases)]. While "[v]iolation of a state's formal procedure . . . does not in and of itself implicate constitutional due process concerns[,]" *JiQiang Xu v. Mich. St. Univ.*, 195 F. App'x 452, 457 (6th Cir. 2006) (citation omitted), Plaintiff argues that she alleges more [Doc. 62 p. 8 (citing Doc. 58-1 ¶¶ 166–86 and 254–63)]. The relevant question is whether Plaintiff "was afforded the due process guaranteed under the Fourteenth Amendment." *Id.* Defendants argue that she was afforded that process, but their argument relies on exhibits to the Amended Complaint, not the allegations of the Proposed Complaint [*See* Doc. 61 p. 13 (citing Doc. 25)]. Defendants therefore fail to meet their burden to show that amendment is not warranted.

### C.     Defamation

Plaintiff seeks to add a claim for defamation against Boyd, Plowman, Stinnett, and Moore [Doc. 58-1 ¶¶ 269–86]. Defendants challenge claim as futile "because Plaintiff identifies no

8

publication by either Stinnett or Moore of any statement—defamatory or not—about Plaintiff" [Doc. 61 p. 14]. Defendants challenge the claim against Boyd and Plowman as futile because "they did not publish any statement about her that was false and defamatory" [*Id.* at 15].

To properly plead a defamation claim, Plaintiff must set forth facts alleging

> that a defendant (1) published a statement with (2) knowledge that it is false and defamatory to the plaintiff, or (3) with reckless disregard for the statement's truth, or with negligence in failing to ascertain its truth.

*Walker v. Seyfer*, No. 2:24-cv-223, 2025 WL 3211223, at *2 (E.D. Tenn. Nov. 17, 2025) (footnote omitted) (citing *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999)).

Plaintiff's Proposed Complaint alleges Defendants published false statements of fact "that Plaintiff had advocated, or endorsed violence and murder" [Doc. 58-1 ¶ 272]. Plaintiff alleges the statements were false based on the "ordinary meaning of those terms" [*Id.* ¶ 274]. And that "Defendants published those statements intentionally, negligently, recklessly, and/or with actual malice" to third parties [*Id.* ¶¶ 277–78]. While Defendants argue that "Plaintiff does not allege that either Stinnett or Moore published any statement about her" [Doc. 61 p. 14], Defendants have cited no authority to carry their burden that these allegations alleging publication are futile. *See Mason Sales, LLC v. Talent Creation, Ltd.*, No. 3:24-cv-92, 2025 WL 696529, at *4 (M.D. Tenn. Mar. 4, 2025) (finding that the defendants did not carry burden to show futility where they presented no legal authority). And to the extent that Defendants argue any statements made by Plowman or Boyd were not false statements, but statements of opinion, Defendants have not met their burden at this stage to show that the alleged statements are "not reasonably capable of any defamatory meaning and cannot be reasonably understood in any defamatory sense." *Aegis Sciences Corp. v. Zelenik*, No. M2012-00898-COA-R3-CV, 2013 WL 175807, at *6 (Tenn. Ct. App. Jan. 16, 2013) (quoting *Biltcliffe v. Hailey's Harbor, Inc.*, No. M2003-02408-COA-R3-CV, 2005 WL 2860164,

9

at *4 (Tenn. Ct. App. Oct. 27, 2005)) (explaining that the "question of whether a statement was understood in a defamatory sense generally is a question of fact for the trier of fact" (citation omitted)). Defendants therefore fail to meet their burden to show the amendment is not warranted.

### D. False Light Invasion of Privacy

Plaintiff proposes a claim against Boyd, Plowman, Stinnett, and Moore for false light invasion of privacy [Doc. 58-1 ¶¶ 299–305]. Defendants argue the claim is futile because Plaintiff cannot establish either of the elements necessary to state a claim [Doc. 61 p. 20]. They assert Plaintiff requests for the Court "to impose liability based on word play" [*Id.*]. Defendants also contend Plaintiff "cannot plausibly maintain that she was cast in a false light by the Defendants' statements after she had already herself published words that are highly offensive to a reasonable person" [*Id.*]. The Court agrees with Plaintiff that Defendants' argument relates to factual disputes about what was said and how it should be interpreted [*See* Doc. 62 p. 9 (arguing that Defendants' arguments "focus on their own subjective viewpoints")]. And Defendants cite no legal authority in support of their assertion that the claim is futile. *See Mason Sales, LLC*, 2025 WL 696529, at *4 (finding that the defendants did not carry burden to show futility where they presented no legal authority). They therefore fail to meet their burden to show the amendment is not warranted.

### E. Business Torts

Plaintiff proposes a claim for tortious interference with business relationship and a claim for inducement or procurement of breach of contract against Todd, Burchett, and John Doe #1 [Doc. 58-1 ¶¶ 306–28]. Defendants argue these claims are futile based upon the testimony of Defendant Plowman and other information that is not part of the Proposed Complaint [Doc. 61 p. 20 (citing attached exhibits)]. Defendants make no argument that the allegations of the Proposed

10

Complaint would not state such claims. They fail to meet their burden to show the amendment is not warranted.

F.      **Plaintiff's Defamation Per Se Claim**

Plaintiff's Proposed Complaint includes a claim for defamation per se [Doc. 58-1 ¶¶ 287–98]. Defendants argue a claim for defamation per se no longer exists under Tennessee law [Doc. 61 p. 19]. Plaintiff "agrees to drop" this claim [Doc. 62 p. 3].

III.    **CONCLUSION**

Except for the proposed claim for defamation per se, which Plaintiff agrees not to pursue, Defendants have not met their burden to show the Proposed Complaint is futile. The Court therefore **GRANTS IN PART and DENIES AS MOOT IN PART** Plaintiff's Motion for Leave to File Second Amended Complaint [**Doc. 58**]. Plaintiff **SHALL** file her Second Amended Complaint in accordance with this Memorandum and Order within **seven (7) days**. Defendants are not precluded from filing a motion to dismiss the amended complaint after it is filed. *See Runser*, 2021 WL 5630735, at *2 (explaining that an order on a motion to amend does not preclude a later motion to dismiss the amended complaint (citation omitted)).

        **IT IS SO ORDERED.**

                                        ENTER:

                                        _____
                                        Jill E. McCook
                                        United States Magistrate Judge

11