UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TAMAR SHIRINIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-528-KAC-JEM |
| | ) | |
| DONDE PLOWMAN, et al.; | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff Tamar Shirinian's (1) "Motion for a Preliminary Injunction" [Doc. 42], (2) "Request for a Hearing on Motion for Preliminary Injunction" [Doc. 64], and (3) new now-operative Second Amended Complaint [*See* Docs. 58-1, 67].

Plaintiff originally filed this action in October 2025 [*See* Doc. 1]. In December 2025, she filed an Amended Complaint [Doc. 25]. In January 2026, she filed the instant "Motion for a Preliminary Injunction" [Doc. 42] based on the allegations, legal theories, and Defendants in the Amended Complaint.

But things have changed significantly since then. In February 2026, Plaintiff filed a motion for leave to file another amended complaint [Doc. 51]. In March 2026, she filed another motion for leave to file an amended complaint [Doc. 58]. And United States Magistrate Judge Jill E. McCook recently granted Plaintiff's March 2026 Motion to Amend in part [*See* Doc. 67]. So, Plaintiff's Second Amended Complaint, sans her claim for "defamation per se," is now operative.

The allegations, legal theories, and Defendants in the now-operative Second Amended Complaint [Doc. 58-1] are significantly different from those in the Amended Complaint [Doc. 25]. But Plaintiff briefed her "Motion for a Preliminary Injunction" [Doc. 42] based on the allegations,

legal theories, and Defendants in her Amended Complaint [*See* Docs. 25, 42]. That Motion, therefore, does not reflect Plaintiff's current theory of the case [*Compare* Doc. 25 *with* Doc. 58-1]. And in this case where Plaintiff is represented by counsel, "Judges are not like pigs, hunting for truffles buried in the record" to understand how Plaintiff's current theory of the case maps onto, or deviates from, her previously-filed Motion. *See HBKY, LLC v. Elk River Exp., LLC*, 150 F.4th 480, 488 (6th Cir. 2025) (quoting *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024))).

Because of the significantly-shifted factual and legal landscape, the Court **DENIES** Plaintiff's "Motion for a Preliminary Injunction" [Doc. 42] as **MOOT** with leave to refile. The Court also **DENIES** Plaintiff's related "Request for a Hearing" on that now-moot Motion for a Preliminary Injunction [Doc. 64].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

2